*C. Hamlin* and *D. V. Burns*, for appellant.
*F. Rand* and *R. H. Hall*, for appellee.

———•———

## BROOKER *v.* WEBER.

PRACTICE.—*Interrogatory to Jury.—Objection.—Waiver.*—An objection to the propounding of an interrogatory to a jury must be made when the interrogatory is submitted, that the court may modify or refuse the same; if the objection is withheld until the. interrogatory is answered, it will be too late to be available.

SAME.—*Reasons for New Trial.—Indefinite.*—A statement of a reason for a new trial, "that the court misdirected the jury," does not include a refusal to direct the jury as requested; and the statement is too vague and indefinite.

APPEAL from the Marion Circuit Court.

WORDEN, J.—Action by the appellee against the appellant for the breach of the covenant against incumbrances in a deed for certain real estate executed by the defendant to the plaintiff. It appears, by averments in the complaint, that the defendant executed to the plaintiff a conveyance of certain real estate, for the consideration of thirteen hundred dollars, as expressed in the deed, and that the property was encumbered by a mortgage executed by one Mathew

Brooker *v.* Weber.

B. Tilberry to McKernan, Pierce, and Yandes, which mortgage has been foreclosed, the property sold, and the plaintiff evicted therefrom. It is averred that the plaintiff did not undertake or assume to pay the mortgage as part of the purchase-money.

The defendant answered in two paragraphs.

First. That the whole amount of the purchase-money agreed to be paid for the property was only one thousand dollars, and that only five hundred dollars was paid at the time of the execution of the deed, leaving five hundred dollars, which still remains due and unpaid; that in consideration thereof, the plaintiff agreed with the defendant to pay and satisfy the mortgage, and that the amount, when paid, should be credited on the indebtedness of the plaintiff for the remaining purchase-money; and that the plaintiff, though duly notified, suffered the decree of foreclosure, sale of the property, and the eviction.

Second. That five hundred dollars of the purchase-money was not paid at the time of the execution of the deed, nor has it yet been paid; that the plaintiff executed his notes for the same to the defendant, and a mortgage to secure the payment thereof; that the defendant assigned the notes and mortgage to one Lewis W. Hasselman; that before any breach of the covenant, a large amount of the notes being due and unpaid, to wit, more than sufficient to pay off and discharge the mortgage, the plaintiff agreed with the defendant and said Hasselman that he would pay off and satisfy the mortgage, and that he should be credited on the notes with the amount so to be paid in satisfaction of the mortgage; that the plaintiff failed and neglected to pay the mortgage, hence the same was foreclosed, and the plaintiff was evicted from the premises; that the plaintiff has not paid the five hundred dollars, or any part thereof, though the same has been long due and payable.

Reply in denial, trial by jury, verdict and judgment for the plaintiff for the sum of eight hundred and forty-five dollars and six cents.

In addition to the general verdict, the following interrogatories were propounded to, and answered by, the jury.

"First. Did the plaintiff, at the time of the execution of the deed from Brooker to him, assume the Tilberry mortgage?  Ans. No.

"Second. Did the parties to this suit, or the plaintiff and Hasselman, agree that the plaintiff should pay the Tilberry mortgage and be credited therefor on the outstanding notes of Weber?  Ans. No.

. "Third. What was the consideration of the deed from Brooker to Weber?   Ans. Thirteen hundred dollars.

"Fourth. Was that consideration paid by Weber?   If not all, how much was paid?  Ans. Seven hundred and forty-eight dollars."

. The defendant moved for a new trial for the following reasons:

" 1st.  Because the verdict is contrary to law.

" 2d.  Because the verdict is contrary to the evidence.

" 3d.  Because the court misdirected the jury.

"4th.  Because the damages assessed by the jury are excessive and not justified by the evidence.

"5th.  Because the second interrogatory did not present a single material fact involved in the issues, but was double, and calculated to mislead the jury looking to the instructions of the court."

The motion was overruled, and the defendant excepted.

The errors assigned are, " first, the court erred in submitting the second interrogatory to the jury; second, the court· erred in submitting the fourth interrogatory to the jury; third, the court erred in refusing to give the first, second, and third instructions asked by the defendant; fourth, the court erred in giving, on his own motion, the instruction to· the jury set out in the bill of exceptions; fifth, the court erred in overruling the defendant's motion for a new trial."

Taking up the assignments of error in their order, we may observe that no objection was made to the interrogatories at the time they were propounded to the jury, nor until the

motion for a new trial was made.   Indeed, it does not appear at whose instance they were propounded.   But assuming that they were propounded at the instance of the plaintiff, it is quite clear that the defendant, had he thought them defective, should have made his objection at the time they were propounded to the jury, so that if objectionable they might have been modified and the objectionable features obviated.   By withholding objection until the interrogatories had been propounded to and answered by the jury, the objection was clearly waived.

There is nothing in the first and second assignments of error.

The third·assignment raises no question for our consideration, because the motion for a new trial was not based upon the refusal of the court to give charges.   One of the grounds for a new trial was, that the court misdirected the jury. This does not embrace the refusal of the court to direct as asked.

The fourth assignment has no sufficient foundation in the motion for a new trial to support it.   The reasons for a new trial allege that "the court misdirected the jury."   In what particular, or in what charge, the misdirection was supposed to consist was not pointed out, or in any manner designated. A bill of exceptions sets out a charge which was given, and it states that "other instructions were given by the court, but none were given inconsistent with, or modifying the above." Whether the misdirection was supposed to be contained in the charge set out in the bill of exceptions, or in the other charges which were given, but not contained in the bill of exceptions, does not appear.   The authorities are quite numerous that the motion for a new trial is too vague and indefinite to raise any question as to the charges given.

The fifth and last assignment of error raises no question not already considered.   The evidence is not in the record. The bill of exceptions states that evidence was offered tending to prove certain facts, for the purpose of showing, as we suppose, the applicability of certain charges which were

asked. But the bill of exceptions does not purport to contain all the evidence, nor does it show what facts were proved or disproved. There is no error in the record; wherefore the judgment must be affirmed.

The judgment below is affirmed, with costs and five per cent. damages.

*C. H. Test, D. V. Burns,* and *G. S. Wright,* for appellant.

*M. M. Ray, G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellee.