## BALTIMORE & OHIO SOUTHWESTERN RAILROAD COMPANY *v.* O'BRIEN.

[No. 5,778. Filed May 29, 1906.]

1. TRIAL.—*Railroads.—Setting Fires.—Burden of Proof.—Presumptions.*—In an action against a railroad company for negligently setting fires, the burden of proof is upon plaintiff; and negligence is not presumed from the fact alone that fire was communicated from its engine. p. 144.

2. RAILROADS. — *Permitting Combustibles on Right of Way. — Setting Fires.*—Railroad companies are liable for fires caused by reason of their suffering combustibles to remain on their right of way and thereby communicating fires to adjoining owners. p. 145.

3. EVIDENCE. — *Circumstantial. — Railroads. — Setting Fires.* — Negligence of a railroad company in setting fires may be established by circumstantial evidence. p. 146.

4. NEW TRIAL. — *Evidence.—Railroads.—Setting Fires.*—Where the evidence shows that defendant railroad company permitted dry grass to accumulate on its right of way; that twenty minutes after its train passed smoke was seen along the track; that grass was burnt on such way and the adjoining owners' woods were burning, a verdict for such owner is sustained by the evidence. p. 146.

From Martin Circuit Court; *James T. Rogers,* Special Judge.

Action by Mary Q. O'Brien against the Baltimore & Ohio Southwestern Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*W. R. Gardiner, C. K. Tharp* and *C. G. Gardiner,* for appellant.

*Padgett & Padgett* and *C. M. O'Brien,* for appellee.

COMSTOCK, J.—In November, 1903, the appellee owned about two hundred acres of land lying on the north side of and adjacent to the right of way of appellant. On the afternoon of November 9, 1903, fire was discovered in appellee's woods just north of the appellant's right of way, and it spread over about eighty acres of the woods. The wind was blowing from the southeast to the northwest.

The issues in the case are founded on a complaint in one paragraph in which the plaintiff alleges that she was the owner of the forest lands; that appellant carelessly and negligently suffered and permitted dry grass, weeds and other combustible materials to be and accumulate on its right of way adjacent to her lands, which grass, weeds and combustible materials were set on fire by one of defendant's passing locomotives, and that this fire was carelessly and negligently permitted by defendant to spread from the right of way to and upon her said lands, and it burned and destroyed her said forest to her damage in the sum of $500. The defendant filed a general denial. The cause was submitted to a jury, and a verdict returned in favor of plaintiff for $120, on which the court rendered judgment.

The action of the court in overruling its motion for a new trial is the error relied on for a reversal. The appeal is taken solely upon the evidence. The complaint embodies three propositions: (1) The defendant carelessly and negligently suffered combustible material to accumulate on its right of way; (2) a passing locomotive of defendant set fire to this combustible material;

(3) the defendant carelessly suffered and permitted this fire to escape from its right of way to the lands of plaintiff and burn her forest. The burden is on the plaintiff. No presumption of negligence on the part of the company arises from the fact of fire being communicated by an engine in use upon its railroad. Christopher O'Brien, in behalf of appellee, testified that there were dry weeds next to the track on the right of way, and dry crab-grass further out; that some had burned. Joseph Appogast, a witness for appellant, testified that the limbs of the trees hang low and reach half way between the north line of the right of way and the track, and some leaves had likely fallen on the right of way. Edward Nichols, in behalf of appellee, testified that there was dry crab-grass on the right of way, some of which had burned. He also testified that he saw smoke north of appellant's track about 2 o'clock, and that he saw a train pass on the defendant's track twenty minutes before he saw the fire; that it looked like the smoke of the fire came from the right of way. It was the custom for four passenger-trains to pass plaintiff's land between 12 and 2:30 o'clock. There was evidence that the fire had burned in two places in the right of way to within three or four feet of and out from the ties toward the edge of the right of way.

If a railroad company permits combustible material to accumulate and remain on its right of way to which fire

2. is communicated by a passing locomotive, which spreads to adjoining lands, the company will be liable. In behalf of appellant there was testimony that the fire did not start and did not burn upon the right of way except in one or two places where it spread into the right of way from the adjacent lands of appellee, and that the right of way had been burned over by appellant in the spring and again in August, 1903.

There is no positive testimony that the fire originated on appellant's right of way, but this fact and the negli-

3. gence of appellant may be established by circumstantial evidence. The evidence shows that there had been no fire on appellee's premises for an indefinite period before the date in question; that the wind was blowing from the railroad track toward appellee's premises, and that the fire was seen soon after the engine passed. These facts show that there was no probable cause for the fire except a passing locomotive, and justified the conclusion that the fire was occasioned as alleged in the complaint. *Toledo, etc., R. Co.* v. *Fenstermaker* (1904), 163 Ind. 534; *Pittsburgh, etc., R. Co.* v. *Indiana Horseshoe Co.* (1900), 154 Ind. 322, and cases collected on page 333.

4. Under the decisions cited we cannot say that the verdict of the jury is without evidence fairly tending to support it.

Judgment affirmed.