CHICAGO AND ERIE RAILROAD COMPANY *v.* BARGER ET AL.

[No. 11,807. Filed June 27, 1924. Rehearing denied October 17, 1924. Transfer denied December 16, 1924.]

1. APPEAL.—*Answers to interrogatories may be used in determining sufficiency of evidence.*—Answers of jury to interrogatories may be used, not only as the basis for a motion for judgment *non obstante*, but also to determine the sufficiency of the evidence, and in curing intervening errors, so that appellant's failure to move for judgment in its favor on such answers did not preclude it from using them in presenting the question whether the evidence sustained the verdict. p. 268.

2.  TRIAL.—*Interrogatories calling for items of evidence are improper.*—An interrogatory calling for items of evidence is improper and an answer thereto should be treated as surplusage. p. 269.

3.  TRIAL.—*Answers to interrogatories should find substantive facts not evidence.*—The purpose of the statute authorizing the submission of interrogatories to the jury is that the jury may be required to find substantive facts and not evidence. p. 269.

4.  APPEAL.—*Interrogatories calling for items of evidence were improper, and answers thereto should be treated as surplusage on appeal.*—In an action against a railroad company for damages by fire from its locomotives, an interrogatory which called for a statement of the evidence other than the passing of its engines near the time of the fires in question that showed that the fires were caused by the defendant was improper, for the reason that it called for evidence instead of facts, and an answer thereto should be treated as surplusage, and without effect on the question whether the verdict was sustained by the evidence.   p. 269.

5.  RAILROADS.—*Circumstantial evidence is sufficient to prove that fires were started by locomotives.*—In an action against a railroad company for damages by fires from its locomotives, it is not necessary to establish by direct evidence that the defendant's locomotives caused the fires in question; the evidence being sufficient if it established facts and circumstances warranting an inference that such fires originated from defendant's locomotives which passed near where the fires were first seen shortly before.   p. 270.

6.  RAILROADS.—*Evidence that defendant's engines generally emitted sparks admissible in action for fires started by locomotives.*—In an action against a railroad company for damages by fires from locomotives, where the particular engines which it was claimed set fire to property were not identified, it is proper to prove that defendant's engines generally, or many of them, during the months when the fires occurred, emitted sparks in passing plaintiff's premises, as a circumstance to be considered by the jury, in connection with others, in determining the origin of the fires in question.   p. 271.

7.  TRIAL.—*Refusal to give instruction held to be harmless error.*—In an action against a railroad company for damages by fires from locomotives, the refusal to give an instruction requested by the defendant, to the effect that no presumption arose that the fires in question were started by defendant's locomotives from the mere fact of the passing of its trains just prior thereto, was harmless error where the jury was informed by instructions given that the burden of establishing

the fact that the fires were started by the defendant was on the plaintiff, and that, unless such fact was established by a fair preponderance of the evidence, its verdict should be for the defendant.  p. 271.

8.  NEW TRIAL.—*"Excessive damages" not proper ground for new trial in action for injury to property.*—In an action for injury to property, as in an action against a railroad company for damage by fire, assigning as a cause for a new trial that the damages were excessive presents no question, the proper ground being "error in the assessment of the amount of recovery" under the 5th subdivision of §585 Burns 1914.  p. 272.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by John H. Barger and another against the Chicago and Erie Railroad Company.  From a judgment for plaintiffs, the defendant appeals.  *Affirmed.*

*Edwin C. Vaughn* and *John F. Decker,* for appellant.
*Abram Simmons, Charles G. Dailey* and *Virgil M. Simmons,* for appellee.

BATMAN, J.—Action by appellees against appellant to recover damages for injuries to their property by fires, alleged to have been communicated thereto from the latter's locomotive engines.  The complaint is in two paragraphs, one being based on a fire occurring on June 27, 1921, and the other being based on a fire occurring on July 18, 1921.  The answer is a general denial.  The cause was submitted to a jury for trial, resulting in a verdict in favor of appellees, and the return of its answers to certain interrogatories.  Judgment was rendered in favor of appellees on the verdict.  Appellant filed a motion for a new trial, which was overruled, and this action of the court is made the basis of the only error assigned on appeal.

Appellant contends that the verdict is not sustained by the evidence, and, in support thereof, relies in part on the answers of the jury to certain interrogatories.  Appellees contend that no question, based on such answers, is available to appellant

because of its failure to move for judgment in its favor on such answers notwithstanding the general verdict. Appellees are in error in making this contention, as such answers may not only be used as the basis for a judgment *non obstante,* but also in determining the sufficiency of the evidence, as well as in curing intervening errors. *Barr* v. *Sumner* (1915), 183 Ind. 402.

Appellant calls our attention to the answers to interrogatories Nos. 8, 9 and 11 in support of its contention that the verdict is not sustained by the evidence. By the first two answers mentioned, it is found, in substance, that the fires in question were caused from sparks thrown by appellant's railroad engines. There is nothing in these answers, or either of them, which gives support to appellant's contention. The answer to interrogatory No. 11 calls for a statement of the evidence other than the passing of the engines near the time of the fires in question that shows that they were caused by appellant. This is not a proper interrogatory and should not have been submitted, but having been submitted, its answer should be treated as surplusage. *Louisville, etc., R. Co.* v. *Hubbard* (1888); 116 Ind. 193; *Board, etc.,* v. *Bonebrake* (1896), 146 Ind. 311; *Fort Wayne, etc., Co.* v. *Page* (1908), 170 Ind. 585, 23 L. R. A. (N. S.) 946; *Heiney, Exr.,* v. *Garretson* (1891), 1 Ind. App. 548; *Fort Wayne, etc., Traction Co.* v. *Kumb* (1917), 64 Ind. App. 529; *O. M. Cockrum Co.* v. *Klein* (1905), 165 Ind. 627. As said in the case last cited: "It is well settled that * * * it is not proper to submit interrogatories to the jury calling for a finding upon some items of evidence. Such a course would place it within the power of the court, upon request of either party, to require the jury to return with their verdict a full statement of the evidence. 'What the statute declares and intends is, that the jury may be required to find material and

substantive facts.' "    If it were permissible to so frame an interrogatory as to call for a statement of the evidence establishing an essential fact, it would throw upon the jury the responsibility of enumerating, not only all the direct evidence, but also all the circumstances proved which formed the basis of any inferences drawn, thereby depriving the general verdict of the support of any facts or circumstances which may have been proved, but not so enumerated.    It is clearly not the purpose of the statute providing for the submission of interrogatories to have any such effect.    *McCowen, etc., Co.* v. *Short* (1918), 69 Ind. App. 466.    We conclude that appellant has failed to cite the answers to any interrogatories which gives support to its contention that the verdict is not sustained by the evidence.

Appellant insists that there is a total absence of any evidence to establish the fact, essential to appellee's right of recovery, that appellant caused the fires in question.    It may be conceded that there is an absence of any direct evidence establishing such fact, but direct evidence is not essential.    It suffices if the evidence establishes facts and circumstances warranting an inference that such fires originated from the locomotive engines of appellant that passed near where the same were first seen, a short time before each of them occurred.    *Pittsburgh, etc., R. Co.* v. *Indiana, etc., Co.* (1900), 154 Ind. 322; *Toledo, etc., R. Co.* v. *Fenstermaker* (1904), 163 Ind. 534; *Toledo, etc., R. Co.* v. *Parks* (1904), 163 Ind. 592; *Baltimore, etc., R. Co.* v. *O'Brien* (1906), 38 Ind. App. 143; *New York, etc., R. Co.* v. *Roper* (1911), 176 Ind. 497, 36 L. R. A. (N. S.) 952.    In the instant case, the facts and circumstances shown, in the light of the cases cited, are ample to warrant the necessary inference as to the origin of the fires in question, without resort to prohibited speculative or conjectural deductions.

Contention is made that the court erred in permitting the witness, Barger, to testify that, in the months of June and July, 1921, he noticed sparks coming from appellant's engines as they passed by appellees' premises. The objection thereto offered in the trial court was, that it called for the conduct of appellant in the management of its trains at a time other than that alleged in the complaint. As the particular engines which it is claimed set fire to appellees' property were not identified by number or otherwise, it was proper for appellees to prove that appellant's engines generally, or many of them, during the months in which the fires in question occurred, emitted sparks in passing their premises, as a circumstance to be considered by the jury, in connection with others, in determining the origin of the fires in question. *Evansville, etc., R. Co.* v. *Keith* (1893), 8 Ind. App. 57; *Chicago, etc., R. Co.* v. *Gilmore* (1899), 22 Ind. App. 466.

Contention is also made that the court erred in refusing to give instruction No. 2, tendered by appellant. The gist of this instruction is that no presumption arises that the fires in question were started by appellant, from the mere fact of the passing of its trains just prior thereto. We are of the opinion that no reversible error is shown in the refusal to give this instruction, as the jury was informed by an instruction given that the burden of establishing the material fact that the fires were started by appellant was on appellees, and that, unless such fact was established by a fair preponderance of the evidence, they should find for appellant. The effect of this instruction was to inform the jury that no presumption as to the origin of the fires arose from the mere passing of appellant's trains just prior thereto, but that the fact as to such origin was a matter to be proved. We conclude ap-

pellant was not harmed by the court's refusal to give said instruction.

Appellant has sought to challenge the amount of the verdict by alleging in its motion for a new trial that the damages assessed by the jury are excessive.

8. Section 585 Burns 1914, states eight grounds for a new trial, excessive damages being the fourth. The fifth ground is as follows: "Error in the assessment of the amount of recovery, whether too large or too small where the action is upon a contract *or for the injury or detention of property.*" (Our italics.) It will be observed that this is an action falling under that portion of the provision which we have italicised, and hence an allegation in the motion for a new trial that the damages assessed by the jury are excessive presents no question. *City of Indianapolis* v. *Woessner* (1913), 54 Ind. App. 552; *Brown* v. *Guyer* (1917), 64 Ind. App. 356.

Failing to find any sufficient reason for holding that the court erred in overruling appellant's motion for a new trial, the judgment is affirmed.