WAGNER *v.* HOWARD SOBER, INCORPORATED, ET AL.

[No. 17,862. Filed June 29, 1949. Rehearing denied October 5, 1949. Transfer denied December 7, 1949.]

618

On Petition for Rehearing. *Petition denied.*

*Michael B. Reddington,* of Indianapolis; and *Haymaker & Acher* (of counsel), of Franklin, for appellant.

*Rocap & Rocap,* of Indianapolis; *Gerald F. Branigin,* of Franklin; and *George C. Forrey III, Edward B. Raub, Jr.,* and *Jacob S. White,* all of Indianapolis, for appellees.

WILTROUT, P. J.—Appellant by this action seeks to recover damages for personal injuries sustained in a motor vehicle accident. The court directed a verdict in favor of the appellee, Marmon-Herrington, Incorporated, and the jury also returned a verdict in favor of the other appellee, upon which judgment was duly entered.

From the overruling of his motion for a new trial appellant prosecutes this appeal, relying upon the grounds that the verdict is contrary to law, is not sustained by sufficient evidence, error in admitting and refusing to admit evidence, and in refusing to give certain instructions tendered by appellant.

The specification that the verdict is not sustained by sufficient evidence presents no question for review where, as here, the verdict involved is negative, and is against the party having the burden of proof. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905; *Scoopmire* v. *Taflinger* (1944), 114 Ind. App. 419, 52 N. E. 2d 728; *Smith, Executrix* v. *Strock, Executor* (1945), 115 Ind. App. 518, 60 N. E. 2d 157.

Briefly summarized, the complaint, which was in two paragraphs, alleges the following: That appellant was operating a United States mail truck west on Washington Street in the City of Indianapolis, and was in the traffic area next to the center of the street. A tractor with another tractor attached thereto was being driven by one Herman Marcus in the same direction and to the north of appellant; that as the vehicles approached Harding Street Marcus swerved the tractor to the left in order to make a left turn, and thereby crowded the truck driven by appellant against a railroad support and abutment, resulting in personal injuries; that Marcus turned to the left without giving any signal or warning and failed to yield the right of way to appellant.

Both paragraphs of complaint allege that Marcus was the servant and employee of appellee Howard Sober, Incorporated. The first paragraph alleges that Howard Sober, Incorporated was in turn the agent of appellee Marmon-Herrington, Incorporated, and that Marcus was acting within the scope of his employment and in the line of his duties for each of appellees. The second paragraph alleges that Marcus was in the process of delivering the vehicles to appellee Marmon-Herrington, Incorporated, and that the appellees were engaged in a joint enterprise.

The appellee Howard Sober, Incorporated, by its answer to the second paragraph of complaint, admitted, and the appellee Marmon-Herrington, Incorporated, denied, the allegation that Marcus at said time and place was the servant and employee of Howard Sober, Incorporated and that the appellees were engaged in a joint enterprise.

Appellant presented testimony of himself and another eye-witness of the commission of the acts of negligence charged in the complaint, together with testimony as to the position of the vehicles after the accident and photographs of the scene, taken shortly thereafter. Appellees presented testimony of eyewitnesses that the accident happened in another manner and by reason of other causes.

Appellant does not dispute the well-established rule that this court will not weigh the evidence or determine the credibility of the witnesses, nor does he take the position that the evidence is without conflict. Rather, he insists that the evidence given on behalf of appellees and which varied from that given by appellant is contrary to physical facts and without any probative value whatever; that when this evidence is discarded the appellant's version of the accident stands without contradiction.

Only two witnesses testified on behalf of appellees as to any material facts. Appellant states that the evidence of one has no probative value because the witness was led to give his story and contradicted himself on cross-examination and suffered a physical collapse on the witness stand; that the other witness testified as to matters which he could not have observed because his view was obstructed and was otherwise at variance with the physical facts; that photographs showed the accident could not have happened as claimed by appellees.

To adopt appellant's view would be to weigh the evidence, which we may not do. If the same witness makes contradictory statements we will not undertake to determine which of the statements are true, that being a question for the jury. *Hummel* v. *New York Cent. R. Co.* (1946), 117 Ind. App. 22, 66 N. E. 2d 901; *Lincoln Nat. Bank & Trust Co.* v. *Parker* (1941), 110 Ind. App. 1, 34 N. E. 2d 190, 37 N. E. 2d 5; *Snider* v. *Truex* (1943), 222 Ind. 18, 51 N. E. 2d 477. No evidence was introduced from which we can definitely determine from the record that it was physically impossible for the witness to see what he testified he saw. The verdict was not contrary to law.

The appellant asserts that the court erred in the admission and exclusion of certain evidence. The motion for new trial does not set forth the questions, nor is their substance shown in all instances. The objections to the admission of the evidence are not disclosed, nor are any offers to prove set forth where the evidence was excluded. No question is presented for review. *Johnson* v. *Glassley* (1949), 118 Ind. App. 704, 83 N. E. 2d 488; *Vaughn Building Company* v. *State of Indiana* (1933), 97 Ind. App. 556, 185 N. E. 656; *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. 2d 474.

Appellant complains of the action of the court in amending two instructions tendered by him, and giving them as amended. What amendments were made and whether they were harmful is not shown, and no objection was made to the action of the court. Neither is the action of the court made a ground of the motion for new trial, and therefore no question is presented. *Cole* v. *Bassett's Estate* (1942), 111 Ind. App. 63, 40 N. E. 2d 373.

Appellant urges that there was error in the failure to give his instructions Nos. 9 and 10. Appellant states: "Unfortunately, the instructions stated the law as it was amended after the occurrence of the negligent action of the appellees, but the appellant pointed out to the Court that he could submit the instruction as the law was in 1945, and referred the Court to the statute at said time, but this the Court refused to do." While the record does not show this statement to the court, the court did not err in refusing these instructions. If appellant desired instructions as to the law at the time of the accident, he should have properly tendered correct instructions. *Forker* v. *Berkes* (1942), 111 Ind. App. 92, 38 N. E. 2d 296.

Further error is claimed in the refusal of other instructions for the reason that they were applicable to the evidence and not specifically and adequately covered by other instructions. While appellant's brief contains no argument elaborating his propositions and points of law and authorities as to the instructions, all as required by Rule 2-17 (g), we have examined the refused instructions and find that insofar as they were correct, they were adequately covered by other instructions which were given.

Finally, appellant contends that there was error in sustaining a motion of the appellee Marmon-Herrington, Incorporated for a directed verdict at the close of appellant's case. The only evidence which was introduced as to this appellee was that its plant was located at or near the intersection; that the tractors were being taken to this plant, and that the tractors were fixed or built over or manufactured by that company. This is insufficient to estab-

lish the relationship of either agency or joint enterprise. The court did not err in directing the verdict.

We find no error in the record.

Judgment affirmed.

NOTE.—Reported in 86 N. E. 2d 719.

## ON PETITION FOR REHEARING

WILTROUT, P. J.—Appellant in his petition for rehearing indicates his belief that we did not pass upon the following ground set forth in his motion for new trial:

> "The court erred in refusing to admit as evidence as part of plaintiff's prima facie case (sic) the admission in the pleadings of the co-defendant Howard Sober, that said corporation and the Marmon-Herrington Company were engaged in a joint enterprise at the time of plaintiff's injury."

The objections to the admission of this evidence are not set forth in the motion for new trial. Therefore no question was presented for review. Authorities requiring this holding are cited in the original opinion.

The petition for rehearing is denied.

NOTE.—Petition for Rehearing reported in 87 N. E. 2d 888.