REPHAN ET AL. *v.* CITY OF EVANSVILLE.

[No. 18,167. Filed December 20, 1951. Rehearing denied February 8, 1952. Transfer denied March 6, 1952.]

*Benjamin F. Zieg* and *William D. Hardy,* both of Evansville, for appellants.

*William T. Fitzgerald* and *Jerome L. Salm,* both of Evansville, for appellee.

BOWEN, C. J.—This is an appeal from a judgment of the Superior Court of Vanderburgh County which upheld the action of the City of Evansville in annexing certain territory to such city by ordinance of the Common Council.

The issues which are germane to this appeal arose in the lower court out of issues joined on the first, third, and fifth paragraphs of amended complaint and the City's answer thereto. The cause was tried by the court, and upon the request of appellants, the court made special findings of fact and stated its conclusion of law, which conclusion of law was that the law on all of the issues was with the appellee, the City of Evansville, and against the appellants, the remonstrators, and the court in its judgment ordered that the territory described in the annexation ordinance be annexed to the City of Evansville.

The appellants' assignments of error raise the question whether the Common Council of the City of Evansville was legally in session and authorized to adopt the ordinance in question at the time such ordinance was adopted. The appellants challenge the notice given of such meeting, and the authority of the Council to act upon the annexation ordinance by reason of the nature of the notice of such meeting.

All of the questions presented on such assignments were decided by this court in the case of *Willian* v. *City of Evansville* (1951), 121 Ind. App. 185, 98 N. E. 2d 219, which involved the same facts.

The decision in such case was adverse to the contentions of the appellants, and this court, from the consideration of the briefs and records in this case, does not find any reason to reach a conclusion different from that reached heretofore on such questions.

Under the assigned error that the court erred in overruling appellants' motion for a new trial, the appellants allege certain errors of law occurring ■ at the trial in sustaining the objection of the defendant to certain questions asked by appellants of appellants' witnesses, George P. Helfrick, James L. Blackwell, Edwin C. Berendes, and Walter K. Stuart on direct examination. The appellants have failed to set out in their motion for a new trial the objections which were sustained by the trial court, and the motion does not show if any offers to prove were made, and if so, what they were. Therefore, no questions are presented for review under such grounds of the motion for a new trial. *Fuehring* v. *Union Trust Co.* (1946), 117 Ind. App. 246, 69 N. E. 2d 141; *Wagner* v. *Howard Sober, Inc.* (1949), 119 Ind. App. 617, 86 N. E. 2d 719, 87 N. E. 2d 888; *Johnson* v. *Glassley* (1949), 118 Ind. App. 704, 83 N. E. 2d 488; *Loehr* v. *Meuser* (1950), 120 Ind. App. 630, 93 N. E. 2d 363; *Bulen* v. *Pendleton Banking Co.* (1948), 118 Ind. App. 217, 78 N. E. 2d 449; *Wise* v. *Curdes* (1942), 219 Ind. 606, 40 N. E. 2d 122.

The appellants, in the motion for a new trial, also allege that the court erred in striking out the testimony of the witness, Joe Graddy, on direct examination, as to the school bonded indebtedness of Knight Township, which the witness in his answer asserted to be $91,000.

The appellants in their motion for a new trial contend that the court was in error in refusing to permit the appellants to introduce evidence for the purpose of showing that the bonded indebtedness which the school city of Evansville must assume and the school property for which it must pay within the territories described by the Annexation Ordinances Nos. 1883 to 1889 inclusive passed by the Common Council on the 5th day of

July, 1949, would impose on said school city of Evansville an indebtedness in excess of two percent of all taxable property within said school city, including the territory annexed.

The indebtedness referred to by such specification of error is the bonded indebtedness of the schools involved. Indebtedness incurred by school corporations for school purposes cannot be considered as debts of civil corporations in determining whether such civil corporation is indebted to the constitutional limitation. *Campbell* v. *City of Indianapolis* (1900), 155 Ind. 186, 57 N. E. 920; *Caldwell* v. *Bauer* (1913), 179 Ind. 146, 99 N. E. 117.

While the present case is not analogous, there is some similarity in principle in the case of taxing authorities reducing the assessed valuation of a unit of government which thereby creates a condition in which the constitutional limit of bonded indebtedness is exceeded by reason of such reduced assessment and the amount of outstanding bonds. The action of the taxing officials in such instance in properly reducing assessments is not unconstitutional.

The Supreme Court of this State held in the case of *Cress, Trustee* v. *State ex rel. Flynn* (1926), 198 Ind. 323, 152 N. E. 822, that where the taxable property of a township was sufficient to authorize the issuance of bonds for the erection of a school building, reduction of assessed values during years when issue and delivery of bonds were wrongfully delayed did not make the issue as of the date sold unconstitutional.

The action taken by the Common Council of the civil city in the instant case was a valid exercise of municipal powers, and the record does not show that such action which was taken by the civil city was the result of any joint action or conspiracy by the

school corporation acting in conjunction with the civil city to violate the constitutional debt limitation.

It is generally held that a consolidation of municipalities does not increase indebtedness, and that statutes authorizing such consolidation will not be adjudged unconstitutional because the indebtedness of the resulting municipality will exceed the amount which any municipality is authorized to incur. 38 *American Jurisprudence* 122, §437; 103 A. L. R. 154, and cases cited therein.

In *Kocsis* v. *Chicago Park District* (1935), 362 Ill. 24, 198 N. E. 847, the court held that the constitutional debt limitation would not prevent the annexation or consolidation of several park districts, even though one or more of them has reached the constitutional limitation of indebtedness.

The action of the civil city in annexing territory to the City of Evansville did not create any new indebtedness of such civil city. The results of such action merely brought territory into the municipality of Evansville which included the same property which had been held previously, together with the same debts which had been incurred properly theretofore by other units of government.

The action of the Common Council in annexing this territory did not create any new indebtedness of such city, and regardless of the amount of the existing bonded indebtedness of the school corporations affected, such action of annexation would not violate the constitutional debt limitation. Therefore, the appellants were not harmed by the striking out of such testimony regarding the bonded school indebtedness of the schools involved in such annexations.

The appellants assign additional error in that the court erred in its conclusion of law upon the special

findings of fact by reason of its special finding that the boundary line described in the annexation ordinance passed through and extended through a dwelling house. The basis of appellants' contention is that when the boundary line of the area passed through a dwelling house, the voters occupying such dwelling would be disfranchised and cites in support thereto §29-3409, Burns' 1949 Replacement, Part 1, Vol. 7, which provides for voter registration and provides for a declaration of the precinct in which such voter resides.

It would seem clear under the authorities that the voter living in the dwelling house which is bisected by such boundary line could, by his election of intention, determine whether he would preserve his residence outside the city limits or whether he could change his residence, by his intention so to do, into the new precinct within the limits of the city. *McCormick* v. *Wall* (1929), 201 Ind. 439, 168 N. E. 454.

The lower court did not err in the conclusion of law stated upon the special findings of fact, and the court did not err in overruling appellants' motion for a new trial.

We find no reversible error, and the judgment is therefore affirmed.

NOTE.—Reported in 102 N. E. 2d 514.