MINNINGER, ADMINISTRATRIX ETC. *v.* NEW YORK CENTRAL RAILROAD COMPANY

[No. 18,305. Filed December 11, 1952. Rehearing denied January 11, 1953. Transfer denied March 25, 1953.]

*Edwin L. Robinson*, of Morocco, and *Wendell C. Hamacher*, of Crown Point, for appellant.

*Marvin A. Jersild*, of Chicago, *William A. Somers*, of Rensselaer, and *Owen W. Crumpacker*, and *Crumpacker & Friedrich*, of Hammond, for appellee.

WILTROUT, J.—Appellant brought this action as administratrix, alleging that the death of her decedent was caused by the negligence of appellee railroad company in a railroad crossing accident. Trial by jury resulted in a verdict in favor of appellee, and judgment was entered accordingly.

Appellant claims prejudicial error was committed in rejecting certain testimony, in refusing to give three instructions tendered by appellant, in submitting certain interrogatories, and in making certain statements to the jury with reference to the interrogatories.

No error is presented with reference to the rejection of the testimony offered by appellant, for the reason that

the objection and offer to prove are not set forth in the motion for new trial. *Rephan* v. *City of Evansville* (1951), 122 Ind. App. 271, 102 N. E. 2d 514; *Coleman v. New York, Chi. & St. L. R. R. Co.* (1951), 121 Ind. App. 616, 101 N. E. 2d 721; *Wagner* v. *Howard Sober, Inc.* (1949), 119 Ind. App. 617, 86 N. E. 2d 719, 87 N. E. 2d 888.

At the conclusion of the evidence, both parties having rested and having submitted written instructions, the court stated that upon its own motion it would submit twelve interrogatories to the jury. During final argument counsel for appellant read the interrogatories to the jury, the interrogatories of which complaint is now made, and discussed the evidence as it related to them. No objection was made to the submission of the interrogatories until after the jury had retired to deliberate upon its verdict. This was too late. Appellant had a reasonably adequate opportunity to object to the form and content of the interrogatories prior to their submission and failed to do so. *Lett* v. *Eastern, etc. Plow Co.* (1910), 46 Ind. App. 56, 91 N. E. 978; *The Ohio and Mississippi R. W. Co.* v. *Dickerson* (1877), 59 Ind. 317; *Brooker v. Weber* (1872), 41 Ind. 426; *Aiken et al.* v. *Bruen et al.* (1863), 21 Ind. 137. "Objections to interrogatories should be made before they are submitted to the jury, so that if the objections are well taken, the interrogatories may be modified and the objectionable features obviated or the interrogatory wholly withdrawn." 3 Lowe's Revision of Works' Indiana Practice 504, §56.12.

Error is claimed in the refusal to give instructions numbered 4, 5 and 7, tendered by appellant.

Instruction No. 4 would have told the jury:

"If you find from the evidence that the accident would not have happened had the railroad given

the statutory signals, then I instruct you that the failure to do so was the proximate cause of the accident, and your verdict should be for the plaintiff if you find that the decedent, Cecil E. Minninger, was not guilty of contributory negligence."

This instruction states as *the* test for determining proximate cause the *"sina qua non"* or "but for" rule. This rule is of service in making *a* test for causal connection, but is not alone sufficient here. In *Hayes Freight Lines* v. *Wilson* (1948), 226 Ind. 1, 77 N. E. 2d 580, at 583, the Supreme Court quoted with approval the following language from Restatement of the Law of Torts, Vol. 2, §431, p. 1159:

"a. . . . In order to be a legal cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent. Except as stated in §432 (2), this is necessary but it is not of itself sufficient. The negligence must also be a substantial factor as well as an actual factor in bringing about the plaintiff's harm. The word 'substantial' is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense in which there always lurks the idea of responsibility, rather than in the so-called 'philosophic sense,' which includes every one of the great number of events without which any happening would not have occurred. . . ."

See also *Earle* v. *Porter* (1942), 112 Ind. App. 71, 40 N. E. 2d 381. The instruction is not a correct statement of the law and was properly refused.

Instruction No. 7 was also properly refused. It was based upon Burns' Stat., §47-2114, but departed from the statute, whether through clerical error or otherwise, in an essential respect, so that it did not properly state the statutory duty attempted to be stated.

Instruction No. 5 is as follows:

"I instruct you that whenever a railway crossing is for any reason particularly hazardous, you may consider the fact, if it be a fact, that there were or were not any warning signals, gates, bells, or watchman, together with all other circumstances concerning the crossing, such as obstructions to the view, the time of day or night and the frequency with which travelers pass over the crossing, in order to determine whether the operation of the train at the place and in the manner as shown by the evidence was or was not negligence."

This instruction is obviously based upon an instruction approved in *Vanosdol, Receiver* v. *Henderson, Admr.* (1939), 216 Ind. 240, 22 N. E. 2d 812, as well as language used in the case of *Watson* v. *Brady* (1933), 205 Ind. 1, 185 N. E. 516. In the recent case of *Pennsylvania R. Co.* v. *Sherron* (1952), 230 Ind. 610, 105 N. E. 2d 334, the Supreme Court said:

"However, the failure to furnish additional safeguards at intersections may nevertheless be considered in determining whether the defendant has been guilty of negligence if the issue is properly presented. It is the duty of a railroad company to operate its trains in the exercise of reasonable care. The absence of warning signals or devices, together with all other circumstances and conditions surrounding the crossing, may be considered by the fact finder in determining whether, under all the circumstances, the train was negligently operated if the question is presented by the issues joined."

While the complaint in this case was not drafted so as to possess all the clarity which might be desired, we are of the opinion that the requested instruction was within the issues and applicable to the evidence. It should have been given and its refusal was error.

Interrogatory No. 7 was: "When the plaintiff's decedent was 12 feet from the west rail of the defendant's track how far north could said decedent have seen the approaching train, if he had looked?" Interrogatories 8, 9 and 10 were identical except as to the distances, which were 15 feet, 18 feet and 20 feet respectively.

During final argument counsel for appellant read these interrogatories and argued that there was no evidence introduced at the trial showing how far to the north the decedent could have seen the train at the time of the accident at the given distances; that the only testimony on this subject was as to observations made in the daytime, and that the accident happened around 10:00 o'clock P. M. on a dark and stormy night.

At the conclusion of the argument of counsel the court read the written instructions to the jury and then read the twelve interrogatories submitted by the court upon its own motion. After reading Interrogatory No. 7 the court stated to the jury: "There has been evidence on this point so you will have to give a specific figure." The same statement was repeated after reading Interrogatories 8, 9 and 10. The jury then retired for deliberation. Immediately thereafter counsel for appellant dictated his objections to the action of the court requiring the jury to return specific answers to the interrogatories, stating that there was no evidence indicating the distance decedent could have seen to the north of the crossing at night. Following his objections counsel for appellant immediately moved the court to recall the jury and to reinstruct them. This motion was overruled.

We do not decide whether the court's statements to the jury were instructions in the technical sense. The parties have not raised the question, nor has any argument been made here that there was error in giving oral

instructions when there was a request that all instructions be given in writing.

In our opinion the court by making its statements invaded the province of the jury. The court, in effect, passed upon the credibility of the witnesses who testified as to the distances as well as the weight of the evidence, telling the jury thereby that there was testimony which must be believed and that the argument of counsel was without foundation.

Assuming that it was necessary to object to the remarks made by the court, appellee argues that the objections were not timely made. We believe they were under the unusual facts of this case. The reading of the interrogatories was the last thing before the jury retied to deliberate. The objections and motion were made immediately thereafter. The situation is not analogous to that where a party waits to see whether the result is favorable or unfavorable before making his objection.

Judgment reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

Crumpacker, P. J., not participating.

NOTE.—Reported in 109 N. E. 2d 104.