RESERVE LIFE INSURANCE COMPANY *v.* ANDERSON, JR.,
ADMINISTRATOR, ETC.

[No. 18,849.   Filed May 24, 1957.   Rehearing
denied June 25, 1957.]

*P. L. O'Brien, Davida O'Brien, O'Brien & O'Brien,* of Hammond, for appellant.

*F. L. Anderson, Jr., Anderson, Hicks & Anderson,* of Gary, for appellee.

PFAFF, J.—Appellee brought this action based on a surgical and hospital expense insurance policy and a medical-surgical expense policy issued to him as the insured for reimbursement of hospital, medical and surgical expenses paid by him in connection with the removal of a cataract from his wife's eye.

Trial resulted in a judgment for appellee. Appellant filed its motion for new trial which was overruled and this appeal follows. The sole assignment of error is the overruling of the motion for new trial. The motion contains the grounds that the decision is contrary to law, is not sustained by sufficient evidence; error in refusing to admit certain testimony contained in a deposition, and the damages assessed by the court are excessive.

Appellant does not specify in its brief under the heading of "Argument" which of the causes in the motion are intended to be urged, as required by Rule 2-17 (e), Rules of the Supreme Court.

While appellant argues that the amount of recovery is excessive, there is no proper ground in the motion for new trial upon which such a contention could be presented. *Ault* v. *Phillips* (1940), 108 Ind. App. 535, 27 N. E. 2d 379; *Camblin* v. *Metzger* (1932), 94 Ind. App. 273, 180 N. E. 679; *Chicago, etc. R. Co.* v *Barger* (1924), 82 Ind. App. 266, 144 N. E. 646; Gavit, *Indiana Pleading and Practice* §461, p. 240.

Appellant argues that there was error in excluding a deposition. §2-1515, Burns' 1946 Replacement, provides:

"When a deposition is offered to be read in evi-

dence, it must appear to the satisfaction of the court that the cause for taking and reading it still exists."

No such showing appears anywhere in the briefs, and therefore no error is shown. Furthermore, the motion for new trial does not set forth the objection made to the admission of the evidence or the offer to prove, and is insufficient to present any question. *Minninger, Admrx.* v. *N. Y. Central Railroad* (1952), 123 Ind. App. 338, 109 N. E. 2d 104; *Rephan* v. *City of Evansville* (1951), 122 Ind. App. 271, 102 N. E. 2d 514; *Loehr* v. *Meuser* (1950), 120 Ind. App. 630, 93 N. E. 2d 363; *Brown* v. *State* (1939), 216 Ind. 106, 23 N. E. 2d 267; *Schrenker, Executor, etc.* v. *Grimshaw, et al.* (1954), 124 Ind. App. 493, 119 N. E. 2d 432.

Presumably the remainder of appellant's argument is directed to the specifications of the motion for new trial that the finding is not sustained by sufficient evidence and is contrary to law. Where a finding is assailed as contrary to law for lack of evidence or as not sustained by sufficient evidence, appellant's brief is required to contain a condensed recital of so much of the evidence in narrative form with reference to pages and lines of the transcript as is necessary to present accurately and concisely a full understanding of the questions presented. Rule 2-17(d), Rules of the Supreme Court.

The condensed recital of the evidence actually introduced at the trial covers less than a page and a half of appellant's brief. Appellee has supplied further evidence, but there is still not enough of the evidence shown to present the questions which we believe appellant is attempting to present. While we find a statement in appellant's brief that the policies sued on were introduced in evidence, they do not appear in the condensed recital of the evidence. The only

copies of the policies shown in the brief are those made exhibits to the complaint.

Appellant argues that a sufficient proof of loss was not made, in that certain words were deleted from the form of Proof of Loss furnished. No authorities are cited to establish that the lack of such words makes the proof insufficient. The proof was introduced in evidence. However, neither this exhibit nor a condensation thereof appears in the condensed recital of the evidence and we are therefore unable to pass upon this question without searching the record.

As stated in *Wabash Township v. Cooper* (1943), 221 Ind. 304, 47 N. E. 2d 611:

"While this court indulges a practical liberality in passing upon the sufficiency of briefs, the application of the rules may not be relaxed to the point of requiring us to search the record for grounds to reverse a judgment."

See also Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, §2783, with cases cited. Judge Kelley of this court, speaking in *Gray* v. *Hawke Motor Sales, Inc.* (1953), 124 Ind. App. 74, 112 N. E. 2d 459, said:

" . . . To adequately consider appellant's contention, we would be required to review the entire record of the evidence in search of support for appellant's asserted cause for reversal. This we are not authorized to do."

No error is shown and the judgment is affirmed.

Bowen, C. J., Kelley, P. J., Crumpacker, Cooper, Royse, JJ., concur.

NOTE.—Reported in 142 N. E. 2d 486.