LEE, BY HER NEXT FRIEND, ETC. *v.* DICKERSON

[No. 19,132. Filed January 24, 1961.]

*Floyd E. Harper,* of Tipton, *Leonard P. Kincade,* of Terre Haute, and *Albert W. Ewbank,* of Indianapolis, for appellant.

*Joseph A. Noel,* of Kokomo, and *Jump, Noel & Lacey, Robert J. Kinsey* and *Jerry L. Angel,* all of counsel, all of Kokomo, for appellee.

MYERS, J.—This is an action by appellant, Gertrude Lee, a minor, who was 17 years old at the time, by her next friend, Edward Lee, her husband, against appellee, Brian Dickerson, for damages as the result of personal injuries suffered in an automobile accident.

The amended complaint alleged that appellant was riding as a guest in a car driven by one Martha Lee on or about February 20, 1955; that they were driving westward on U. S. Highway No. 40 in Putnam County, Indiana; that such highway was what is commonly described as a dual-lane highway, being two strips of concrete roadway, each strip being approximately 20 feet wide, and divided into two lanes of traffic; that these two strips of roadway were separated by a grass parkway of approximately 20 feet in width; that U. S. No. 40 was intersected by State Road No. 43; that at a point about one mile east of the intersection on U. S. No. 40, the driver of the car in which appellant was riding was crowded off the road by another vehicle traveling in the same direction, causing appellant's car to skid across the parkway, coming to a dead-stop in the southern dual-lane strip of highway, with the front wheels in the north lane of traffic; that while the driver was trying to start the motor, appellee drove his vehicle eastward over and along the north lane of that portion of the highway, and ran into the car in which appellant was riding, causing a collision which resulted in her injuries. Acts of negligence were alleged against appellee, in that he drove at an excessive rate of speed i.e., 80 miles per hour; in that he failed to keep a lookout; in that he was operating his car in the northern lane of traffic instead of the southern lane; and that he had knowledge of the stalled car, and with ordinary care and diligence could have avoided striking it. Damages were asked in the sum of $25,000.

To this complaint appellee filed an answer in two paragraphs. The first one amounted to a general denial, filed pursuant to Supreme Court Rule 1-3, and the second averred that the injuries were caused solely by the carelessness and negligence of the driver of the car

in which appellant was riding. Appellee also claimed that he had no opportunity to avoid the collision by turning or stopping his car.

The issues were formed by the filing of appellant's reply wherein she denied the allegations of the second paragraph of answer.

The cause was tried before a jury, which returned a verdict in favor of appellee. Judgment was entered accordingly. Appellant filed her motion for a new trial on the ground that the verdict was not sustained by sufficient evidence, that it was contrary to law, and that the court erred in giving an instruction objected to by appellant, and in refusing to give certain numbered instructions tendered by appellant. This motion was overruled and this appeal followed.

The evidence most favorable to appellee as revealed by the record shows that on the evening of February 20, 1955, appellant, her husband, Edward Lee, and their four-and-a-half-week-old baby were riding in the back seat of a 1946 Nash coupe, which was owned and being operated by Edward's mother, Mrs. Lee. In the front seat with her were Edward's grandmother and an eight-year-old girl, Martha Lee. The six of them were all related and had spent the day in Marion, Indiana, visiting other members of the family. They were on their way back to their home in Brazil, Indiana, driving westward on U. S. No. 40.

In Putnam County, State Road No. 43 crosses U. S. No. 40. Within a mile east of this intersection on U. S. No. 40 there are two hills, one east and one west, with a flat area between them. U. S. No. 40 there consisted of two dual-lane concrete roadways, with a grass parkway or center strip between them, about 25 or 30 feet wide. The roadway to the north was for west-bound traffic and the one to the south for east-bound traffic. Each

was about 22 feet in width and had a center line down the middle.

About 7:00 o'clock p.m. the Lee car arrived at the flat spot between the two hills, and was being driven in the north dual-lane highway headed westward. It was dark and a slight rain was falling.

There was evidence to the effect that the Lee car was attempting to pass an automobile headed in the same direction, and that in so doing it ran off the pavement, skidded sideways across the parkway and into the south lane of U. S. No. 40, directly in the path of appellee's automobile, which was approaching from the west, and that the front end of appellee's car collided with the left side of the Lee car. As a result Mrs. Lee was killed, and appellant and other members of the family were injured.

Appellee testified that he saw the Lee car "going wild . . . turning around as it was coming from the westbound to the eastbound lane, and then after it got over into the east it had turned around in the eastbound lane, or in the parkway between the two roads, then we collided totally on the pavement on the eastbound lane of 40." He stated that the Lee car did not come to a stop before the impact. He further stated that he was only a second or two distant from the Lee car when he realized that a collision was going to happen.

A couple by the name of Russell had been following the Lee car. Mrs. Russell testified that "the Lee car went directly over into the Dickerson car." The following question was asked of her on cross-examination:

"Q. Are you telling the jury that the Lee car hit the Dickerson car?

"A. Definitely. It had to."

There was much conflict in the evidence. Appellant's witnesses testified that Mrs. Lee in attempting to pass the other automobile was crowded to the left of the roadway and forced off the side into the parkway; that she skidded across into the eastbound lane in such a fashion that the car stalled on the highway, pointing in a northeasterly direction, with the front wheels off the pavement. There was testimony by Edward Lee that the motor was dead and his mother was trying to start the car when he saw the appellee's car coming over a rise about a quarter of a mile away; that appellee was traveling between 70 and 80 miles and hour at the time, and that four or five seconds had elapsed between the time he first saw appellee's car and the time of impact. Appellee testified that he was driving at a speed of about 60 miles an hour.

The Russells testified that they were approximately four or five car-lengths behind the Lee car. Appellant's witnesses testified that the Russell car was about 400 feet behind their automobile.

Appellant argues that the verdict of the jury is contrary to law because it is not sustained by sufficient evidence. This was a negative judgment in that the jury found against appellant who was the plaintiff below. However, appellant cites the rule of law to the effect that if the evidence shows conclusively that appellant was denied relief to which she was entitled under law, such may be presented in an appeal from a negative judgment. *Kendall Lumber & Coal Co.* v. *Roman* (1950), 120 Ind. App. 368, 372, 91 N. E. 2d 187.

From the conflicting evidence which we have reviewed, we cannot say that it was so conclusively in favor of the appellant that she was denied relief to which she was entitled as a matter of law. It is a familiar rule that the weight of the

evidence and the credibility of the witnesses are for the trial court and jury to determine. This court cannot decide such matters nor can it weigh conflicting evidence. *First Bank & Tr. Co., etc., Extr.* v. *Tellson* (1954), 124 Ind. App. 478, 118 N. E. 2d 496; *Haley* v. *Williams, Trustee, etc., et al.* (1955), 125 Ind. App. 377, 123 N. E. 2d 921; Flanagan, Wiltrout and Hamilton's *Indiana Trial and Appellate Practice,* ch. 56, §2786, p. 366. Thus, in so far as the facts are concerned, we must support the jury in its verdict.

Appellant claims error in that the trial court refused to give to the jury plaintiff's tendered Instructions numbered 2 and 33.

Plaintiff's tendered Instruction No. 2 reads as follows:

## "INSTRUCTION NO. 2

"You are instructed that at all times complained of in the plaintiff's complaint there was a statute of the State of Indiana in full force and effect, which provided in part as follows:

" 'Drive on right side of roadway—Overtaking and passing—Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway except as follows:

"1. When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement:

"2. When the right half of a roadway is closed to traffic (while) under construction or repair;

"3. Upon a roadway divided into three (3) marked lanes for traffic under the rules applicable thereon; or

"4 Upon a roadway designated and sign-posted for one-way traffic.

"5. Upon all roadways any vehicle proceeding at less than the normal speed of traffic at the time and place under the conditions then existing shall be driven in the right-hand lane then available for traffic or as close as practicable to the right-.

hand curb or edge of the roadway, except when overtaking and passing another vehicle proceeding in the same direction or when preparing for a left turn at an intersection or into a private road or driveway.'

"If you find from a preponderance of the evidence in this case that at the time of the accident in controversy the defendant failed to obey the provisions of this statute, then such conduct on the part of said defendant would constitute negligence."

It has been held by the courts of this state that the violation of this particular statute is *prima facie* evidence of negligence. *Kempf* v. *Himsel* (1951), 121 Ind. App. 488, 98 N. E. 2d 200; *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Tate* v. *West* (1950), 120 Ind. App. 519, 94 N. E. 2d 371.

In cases where this particular statute is invoked, our Supreme Court has said as follows:

"Thus it may be said that where one has violated the provisions of a statute or ordinance in the operation of an automobile on a public highway, he is guilty of negligence as a matter of law unless the evidence discloses that compliance was impossible or non-compliance was excusable because of circumstances resulting from causes or things beyond his control, and in no way produced by his own negligence, or his conduct comes within an excuse or exception specifically provided in the statute itself. It follows that whether conduct violative of the provisions of the statute is negligent conduct may sometimes be a question for the jury to determine. When there is evidence that a statute governing the operation of motor vehicles has been violated under circumstances mentioned in the rule above stated, such violation becomes, in effect, nothing more than *prima facie* evidence of negligence, subject to being overcome by proof to the contrary, and the jury should be so instructed. The duty of coming forward with evidence to sustain such a defense is

upon the operator of the vehicle. *Northern Indiana Transit* v. *Burk, supra* [228 Ind. 162, 89 N. E. 2d 905]. In such cases we think it would be proper to instruct the jury that if they find from a fair preponderance of the evidence that the defendant violated the provisions of the statute, he was guilty of negligence, unless they further find from a fair preponderance of the evidence that compliance was impossible or non-compliance was excusable under the rule above stated." *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391, 400, 401, 98 N. E. 2d, 896, 900.

Even if the statute set out in the above instruction was applicable to the case at bar, Instruction No. 2 tendered by appellant is materially defective in that it fails to instruct the jury that violation of the statute is *prima facie* evidence of negligence and may be rebutted by a showing of reasonable excuse or justification. There was no error in refusing to give this instruction.

Plaintiff's tendered Instruction No. 33 presents no question because appellant has not assigned as error the refusal to give this particular instruction in the motion for new trial. If such refusal was error in the trial court, it has been waived. *Spielman* v. *Herskovitz* (1922), 78 Ind. App. 131, 134 N. E. 909.

It is claimed in the motion for new trial that the court erred in giving Instruction No. 9 tendered by appellee over the objections of appellant. In argument appellant says that defendant's requested Instruction No. 9 was given as the court's Instruction No. 19. Without searching the record, there is no way for this court to know whether defendant's requested Instruction No. 9 is the same as the court's Instruction No. 19. The objection which is in the record was made to defendant's tendered Instruction No.

9. There is no objection of record to the court's Instruction No. 19. There must be specific objection made to questioned instructions before argument. Supreme Court Rule 1-7. This court will not search the record in order to reverse. *Reserve Life Ins. Co.* v. *Anderson, Admr., etc.* (1957), 127 Ind. App. 561, 142 N. E. 2d 486; *Gray* v. *Hawke Motor Sales, Inc.* (1953), 124 Ind. App. 74, 112 N. E. 2d 459; Flanagan, Wiltrout and Hamilton's *Indiana Trial and Appellate Practice*, ch. 56, §2783, p. 363. No specific objection having been made to the court's Instruction No. 19, and there being no definite showing that defendant's Instruction No. 9 is the same as the court's Instruction No. 19, no question is presented to us. *Baltimore & Ohio Railroad Company* v. *Patrick, etc.* (1960), 131 Ind. App. 105, 166 N. E. 2d 654, 664. We would like to add that appellant, in making the objection, has done nothing more than to quote parts of the statute she deemed in point without specifying how that statute was applicable. The purpose of Rule 1-7 is to point out specific errors which may have been made by the trial court in its instructions and to give the court an opportunity to make corrections if necessary so as to avoid a new trial. Objections which are so general that they do not show specifically and precisely the error which was claimed to have been made by the court are not sufficient to accomplish the purpose of the rule. *Keeshin Motor Express Co.* v. *Sowers* (1943), 221 Ind. 440, 48 N. E. 2d 459; *Pennsylvania R. Co.* v. *Sargent, Admrx.* (1949), 119 Ind. App. 195, 83 N. E. 2d 793. The mere quotation from a statute without explanation is meaningless as an abstract statement of the law and leaves the court without any direction. No error is available except upon the specific objections made in the trial court. Therefore, an objection to an instruction con-

sisting of only a quotation from a statute, without explanation or application, is not a specific objection within the meaning of Rule 1-7.

Appellant claims it was error for the court to refuse to give plaintiff's tendered instruction No. 9. This instruction purported to state the doctrine of last clear chance. The court in its instruction No. 31 stated as a matter of law that there was no question of negligence of the plaintiff contributing to her injuries nor that the defendant was chargeable under the doctrine of last clear chance. It is to be noted that no objection was made by appellant to this instruction. However, failure to object to an instruction given by the court on a particular subject is not waiver of error on the part of the court in refusing to give a tendered instruction correctly stating the law. *Western Indiana Gravel Co.* v. *Opp* (1951), 121 Ind. App. 673, 99 N. E. 2d 265.

In order to invoke the doctrine of last clear chance there must be a showing of negligence on the part of the plaintiff. *Button* v. *Pennsylvania R. Co.* (1944), 115 Ind. App. 210, 57 N. E. 2d 444; *Carson, Receiver* v. *Perkins* (1940), 217 Ind. 543, 29 N. E. 2d 772. It was undisputed that the appellant was riding in the rear of the Lee car as a non-paying-social guest. If the driver of the car was guilty of any negligence, it could not be imputed to her for the evidence was clear that appellant was not directing the route, or that the driver was subject to her control, or that she had any authority whatsoever to exercise control over the movement of the vehicle. *Baltimore & Ohio Railroad Company* v. *Patrick etc.* (1960), 131 Ind. App. 105, 166 N. E. 2d 654, 661, *supra.* There were no facts brought out in the trial or inferences deducible therefrom which showed in any manner that appellant was

guilty of negligence of any kind. Therefore, plaintiff's Instruction No. 9 did not conform to the evidence. It has been held that:

" '. . . the purpose of instructing jurors is to advise them of the particular question which they are to decide and to inform them how to apply the law to the concrete facts of the case.' " *Connor* v. *Jones* (1945), 115 Ind. App. 660, 676, 677, 59 N. E. 2d 577, 583, 60 N. E. 2d 534.

This instruction purportedly stated the doctrine of last clear chance. Even though it may have been a correct statement of the law, it would have been of no value to the jury since factual premises on which the doctrine is based did not exist in this case. The court committed no error in refusing to give this instruction.

Appellant complains that the court gave court's Instruction No. 10, which generally stated that the driver's negligence could not be imputed to the plaintiff, and that the jury should not find the plaintiff guilty of contributory negligence unless they should find there was personal negligence on her part which contributed as a proximate cause to her injury. It is appellant's contention that the court withdrew contributory negligence as an issue in its Instruction No. 31 and then reasserted it in Instruction No. 10. The record shows that appellant tendered the court's Instruction No. 10 which was given. If there is any inconsistency or conflict, appellant cannot raise the question since she induced the court to give the instruction and is bound by it. *Brush* v. *Public Service Co. of Indiana* (1939), 106 Ind. App. 554, 21 N. E. 2d 83. If the instruction was error, it was invited error to which she cannot object. *Tompkins* v. *Smith* (1952), 122 Ind. App. 502, 515, 106 N. E. 2d 487.

Finally, appellant claims there was error in refusing to give plaintiff's tendered Instructions numbered 15, 17, 23, and 26, "upon the same basis as previously discussed." These instructions are not set forth in the "Argument" section of appellant's brief. The reason assigned as error is too vague and too general to be considered herein.

Judgment affirmed.

Ax, C. J., and Cooper and Ryan, JJ., concur.

NOTE.—Reported in 171 N. E. 2d 698.