LAWRENCE *v.* PENNSYLVANIA RAILROAD CO.

[No. 19,386. Filed April 16, 1962. Rehearing denied June 7, 1962.]

*Jack H. Mankin* and *Johnston & Mankin,* of Terre Haute, for appellant.

*William A. Wick, Carl T. Reis, George C. Forrey, III, Edward B. Raub, Jr., Jacob S. White,* all of Indianapolis, and *Thomas H. Hicks,* of Terre Haute, for appellee.

PFAFF, J.—Appellant brought this action against appellee for damages for personal injuries sustained when a train operated by employees of appellee ran over him while he was lying unconscious on the tracks. The complaint was based upon the doctrine of last clear chance. Trial to a jury resulted in a verdict in favor of appellee, and judgment was rendered accordingly.

Appellant's motion for a new trial contained 10 specifications all of which questioned certain instructions tendered by appellee and given by the court. The error assigned here is the overruling of that motion.

Appellant, in the argument portion of his brief, specifically waived five of the specifications of his motion for a new trial. We proceed to consider those specifications not waived in the manner presented by appellant. Appellant complains of appellee's instructions Nos. 5, 8, 9, 10 and 18 given by the court. In-

struction No. 5 as set out in appellant's brief reads as follows:

"I instruct that if you should find from a fair preponderance of all of the evidence that prior to the Plaintiff's being injured he was in a position of peril and that one or more of the Defendant's servants saw the Plaintiff in his position of peril then it was only the duty of the Defendant's servant or servants who saw the Plaintiff in his position of peril to use reasonable care in an attempt to avoid injuring the plaintiff and that the burden is on the Plaintiff to prove by a fair preponderance of all of the evidence that such servant or servants did not use reasonable care."

Appellant's objection to this instruction reads as follows:

"Plaintiff objects to defendant's instruction No. 5 for the reason that it is an improper statement of the law when it says it was 'only' the duty of defendant's servant or servants who 'saw' the plaintiff to use reasonable care. This action is against the Pennsylvania Railroad as defendant and a duty on the part of that defendant arises when any servant who is in charge of the train has knowledge of plaintiff's position of peril. Also, the servants in control of the train may gain knowledge other than by *seeing* the plaintiff."

The evidence in the record indicates that the train involved in the accident was composed of four 40-foot hopper cars, the lead car loaded and the other three empty. The engine was backing up and traveling at a speed of five to ten miles per hour. Two brakemen were on the end of the lead car in the performance of their duties. As the train moved to a point about 150 feet from the place of the accident, the brakemen noticed an object lying on the track which they soon recognized as a man. He did not move and the brake-

men started "waving their arms like a bird flapping its wings", a signal to the engineer to stop. They yelled and hollered to the man on the track but he did not move and the train moved on and over him severing his left leg. The engineer said he could see the brakemen from his cab and saw a signal given by them as the train crossed the highway shortly before the accident. He did not see either of their signals to stop and did not know he had run over the appellant until one of the brakemen came up to the side of the engine and told him. He said that he may have missed seeing the signals while he was momentarily distracted checking gauges on the engine. However, as the train crossed the highway, he was looking out the back and could have seen the brakemen at all times.

Instruction No. 8 as set out in the appellant's brief reads as follows:

"I instruct you that if you should find from a fair preponderance of all of the evidence that the Plaintiff entered upon Defendant's railroad track and walked upon it and then fell and lay unconscious upon the track, and that thereafter the Defendant's employees were pushing four coal cars with a locomotive and that as said four coal cars approached the Plaintiff one or two of the Defendant's employees on the lead car of said four coal cars saw the Plaintiff when there was enough time and distance for him or them to give arm signals to the engineer or fireman of the locomotive to stop and for the engineer or fireman to stop the locomotive and four coal cars before striking the Plaintiff and that the employee or employees of Defendant who did not (sic) see the Plaintiff did give arm signals to the engineer or fireman to stop upon realizing that the Plaintiff was in a position of peril, but that neither the engineer nor fireman of the locomotive saw such signals and that the person or persons who gave such signals had no means by themselves of slowing down or stopping said engine and coal

cars and no way of communicating with the engineer or fireman except by arm signals which he or they did give, and that because of the movement of the train of cars the employee or employees who saw the Plaintiff could not in the exercise of reasonable care for their own safety as well as that of the Plaintiff go to the Plaintiff ahead of the moving cars and remove the Plaintiff from his place of danger in time to avoid injury to the Plaintiff, then your verdict should be for the Defendant."

Appellant's objection to the above instruction reads as follows:

"Plaintiff objects to defendant's instruction No. 8 because it invades the providence (province) of the jury. It is an improper statement of the law and especially of the law of last clear chance because Pennsylvania Railroad is defendant and knowledge of plaintiff's position of peril by any agent or servant of defendant who was in control of the train would be adequate knowledge to the defendant. Also the law of last clear chance does not require that the engineer or fireman see the plaintiff or signals from other train crew men but knowledge of the peril may be obtained otherwise."

Instruction No. 9 as set out in appellant's brief reads as follows:

"I instruct you that any knowledge on the part of one of the defendant's servants on the forward car of the train of the Plaintiff's being in a positon of peril cannot be imputed to the engineer or fireman of the locomotive and that if neither the engineer nor fireman saw the Plaintiff in a position of peril and did not see any signal to stop from some other member of the train crew, then the conduct of the fireman or engineer was not negligent and was not a proximate cause of any injuries sustained by the Plaintiff."

Appellant's objection to the above instruction reads as follows:

"Plaintiff objects to defendant's instruction No. 9 because it is a mandatory instruction and is an improper statement of the law, particularly the law of last clear chance. The knowledge of any defendant's servants who were in charge of the train is knowledge to the defendant and defendant's liability is not limited to the engineer or fireman seeing the plaintiff in a position of peril or seeing a signal from another member of the train crew."

Instruction No. 10 as set out in appellant's brief reads as follows:

"I instruct you that neither the fireman nor the engineer owed the Plaintiff any duty to keep a lookout for signals from some other crew member to stop."

Appellant's objection to the above instruction reads as follows:

"Plaintiff objects to defendant's instruction No. 10 because it is repetitious of other instructions tendered by the defendant and given by the Court. It is incomplete and an erroneous statement of the law under the issues drawn because it ignores the law of last clear chance and the duty which arises for the defendant to use reasonable care after an agent or servant of the defendant in control of the train has knowledge of plaintiff's position of peril."

Instruction No. 18 as set out in appellant's brief reads as follows:

"I instruct you that if you should find that the proximate cause of the accident and injuries sustained by the plaintiff was the failure of the defendant's engineer or fireman to see arm signals given by defendant's brakemen who were on the fourth car ahead of the engine, then I instruct

you that such finding does not create liability to the plaintiff on the part of the defendant."

Appellant's objection to the above instruction reads as follows:

"Plaintiff objects to defendant's instruction No. 18 because it is a mandatory instruction which does not completely and properly state the law as it applies in this case. It is not a correct statement of the law of last clear chance because there is no allegation in the complaint that the engineer or fireman or any other individual employee of defendant owes the plaintiff a duty after an agent or servant of defendant who has control of the train has knowledge of plaintiff's position of peril."

The appellant, in the argument portion of his brief, makes a general argument that the above quoted instructions were erroneous. We quote this statement from his brief:

"From the instructions which the court gave to the jury in this case, the jury was instructed that unless defendant's engineer himself saw the plaintiff on the railroad track in a position of peril, or unless the engineer saw signals given by the brakemen, the *defendant Pennsylvania Railroad Company* could not be held liable for the injury sustained by the plaintiff. The sole question presented by this appeal boils down to this: As a matter of the law of last clear chance, did *defendant Pennsylvania Railroad Company* have notice and knowledge of plaintiff's presence on the railroad track in a position of obvious peril in time to have prevented injury to him by the exercise of due care? The engineer, individually, was not a party to the law suit." (Appellant's emphasis).

In support of such contention appellant relies principally upon the case of *Southern Ry. Co.* v. *Ingle* (1947), 117 Ind. App. 229, 69 N. E. 2d 746. That case, in our

opinion, was based on entirely different facts than the facts herein. This court stated that the evidence indicated that it was the duty of the fireman to act as a look-out on the left side of the engine. We then said: "Its fireman observed the truck when the train was about 1000 feet from the crossing." At that time the truck was about 300 feet from the crossing. The fireman called to the engineer to "big hole her" (which, in railroad parlance, means to put on the emergency brake) "there's a man gonna meet us on the crossing." The engineer did not apply the brakes when he heard the fireman's call. We held that the evidence in that case was such that if appellant's agents had acted with reasonable care the collision could have been avoided.

In *Lathrop, Admx.* v. *Frank Bird, etc., Co.* (1924), 81 Ind. App. 549, 553, 142 N. E. 868, this court said:

"Appellant complains of instruction No. 11, which informed the jury that if it should find that both the decedent and appellee by their negligence materially and proximately contributed to the injury, from which death resulted, it could not find for appellant. This is a correct statement of the law so far as the court intended the instruction to express it. Appellant's complaint of the instruction is that it ignores the doctrine of last clear chance which she says was involved. *We do not determine as to whether such question was presented by the evidence, but if appellant so believed, it was her right to tender an instruction covering that issue.* We note, however, that instruction No. 15, after informing the jury that a person crossing the street has a right to assume that a person driving a vehicle therein will use ordinary and reasonable care to avoid injuring him, and that a driver of a vehicle also has a right to assume that the pedestrian will use reasonable and ordinary care to avoid being injured, then states that either of the parties, whether pedestrian or driver of a vehicle, has a right to rely

upon such presumption until it becomes apparent that the other is not aware of the danger that exists, and whenever such fact becomes apparent, if it does so appear, then such party is required to exercise ordinary care commensurate with such fact. *If appellant desired a more definite statement of the law as to the doctrine of last clear chance, she should have tendered an instruction more fully covering the question.*

"Appellant's objections to instructions Nos. 12, 13 and 14 cannot prevail. These instructions are correct statements of the law, and the fact that they do not embrace the doctrine of last clear chance does not make them erroneous." (Our emphasis).

In *Peckham* v. *Smith, A Minor, etc.* (1960), 130 Ind. App. 452, 165 N. E. 2d 609, we said that if the appellant considered said instruction incomplete in regard to the subject matter he should have tendered his own instruction on the subject. See also 26 West's Indiana Digest, *Trial,* §256 (10) ; 28 West's Indiana Law Encyclopedia, *Trial,* §242, pp. 245, 246.

In the case before us the record discloses that neither the engineer nor the fireman saw the brakemen waving their arms signalling for a stop. The engineer said he recalled the brakemen giving some signals when crossing State Road 150. He had a clear view and could see the brakemen. In explanation of failing to see the signals when the brakemen first waved he said, "I may have been momentarily distracted checking gauges." Such checking is an important and essential part of the duties of a railroad engineer.

Appellant's objections to the complained of instructions went no farther than to state that said instructions did not correctly instruct the jury as to the doctrine of last clear chance. However, as we have previously said, appellant

tendered no instructions covering such issue or containing a more definite statement of the law applicable to the doctrine of last clear chance. This, in our opinion, appellant was required to do in order to raise the questions sought to be advanced.

The question of whether appellee used reasonable care after discovering the peril of appellant ■ was a question of fact to be determined by the jury.

In our opinion appellant has not demonstrated any error by the trial court in giving the instructions herein complained of.

Judgment affirmed.

NOTE.—Reported in 181 N. E. 2d 647.