BROWN *v.* THE INDIANA DEPARTMENT OF CONSERVATION ET AL.

[No. 20,318. Filed April 20, 1967. Rehearing denied June 6, 1967. Transfer dismissed July 13, 1967.]

*E. Ray Barker,* of North Judson, for appellant.

*John J. Dillon,* Attorney General, and *Michael Sara,* Deputy Attorney General, for appellees.

FAULCONER, J.—This is an appeal from a judgment entered on the verdict of the jury that the title of defendant-appellee, The Indiana Department of Conservation,[1] to certain real estate be quieted as against the plaintiffs-appellees, Elwood L. Brooks and JoAnn Brooks, and the defendant-appellant, J. Edgar Brown.

The facts surrounding the issues in this appeal can best be understood by setting forth the pertinent part of the "Counter-Claim and Cross-Complaint" filed by appellee-Department, which is as follows:

"The Defendant, Indiana Department of Conservation, complains of the Plaintiffs and of the Cross-defendant, J. Edgar Brown, and alleges and says:

"1. That on or about the 4th day of December, 1959, the Cross-defendant, J. Edgar Brown, owned the following described premises in Pulaski County, Indiana, to wit:

(Here follows description of real estate.)

"2. That on or about December 4, 1959, Cross-defendant J. Edgar Brown executed to the Indiana Department of Conservation an option to purchase said real estate for a consideration of Twenty-five Thousand Dollars ($25,000.-00), * * *. Under the terms of said option the Cross-defendant, J. Edgar Brown, reserved for himself a life lease in his house and out-buildings, and adjoining four (4) acres, so long as he maintained his legal residence on said premises.

"3. That the Indiana Department of Conservation exercised its rights under said option and fully performed all of the conditions thereof.

"4. That the Cross-defendant thereafter, on or about the 26th day of February, 1960, executed a Warranty Deed, in accordance with the terms of said option, to the Indiana Department of Conservation, conveying said real estate to Cross-complainant, the Indiana Department of Conservation, reserving only a life lease to the following-described land:

---

1. Hereinafter referred to as appellee-Department.

(Here follows description of real estate.)

"5. That on or about the 15th day of January, 1960, and prior to the date upon which said J. Edgar Brown executed said Deed to the Indiana Department of Conservation, said real estate was attached pursuant to the proceedings in Peru Production Credit Association, Plaintiff, v. Frank H. Tunis and J. Edgar Brown, Defendants, Pulaski Circuit Court, Cause No. 31-147.

"6. That the Plaintiff in said Cause No. 31-147 was successful and the Indiana Department of Conservation was required to pay the sum of Two Thousand Two Hundred Thirty-six Dollars and Forty-seven Cents ($2,236.47) to prevent the sale of said land on execution, which sum represents a claim due from Cross-defendant, J. Edgar Brown and a set-off against the amount due J. Edgar Brown as consideration for his Warranty Deed to the Indiana Department of Conservation.

"7. That there remained as a charge upon said land the following:

a. $305.50 plus interest and delinquent charges for taxes upon said real estate assessed prior to the date that Plaintiffs and J. Edgar Brown executed Warranty Deeds to the Indiana Department of Conservation;

b. $27.50 for revenue stamps upon the Deed from J. Edgar Brown to the Indiana Department of Conservation.

c. $375.00, together with interest and delinquent charges for the State gross income tax upon the sale from J. Edgar Brown to the Indiana Department of Conservation.

All of said amounts are charges which constitute a lien upon the land or upon the proceeds of the sale of said land and represent a set-off against any amount due J. Edgar Brown or Plaintiffs as consideration for the Warranty Deed to the Indiana Department of Conservation.

"8. That on or about the 2nd day of March, 1960, the Cross-defendant, J. Edgar Brown, executed a Warranty Deed to said real estate to the Plaintiffs, Elwood L. Brooks and JoAnn Brooks, husband and wife, said deed not reserving unto the Cross-defendant, J. Edgar Brown, any life estate. * * *.

"9. That the Plaintiffs, Elwood Brooks and JoAnn Brooks, conveyed said real estate to the Indiana Department

of Conservation by Warranty Deed on the 2nd day of March, 1960. * * *.

"10. That the Cross-complainant has duly tendered, and still does tender, to the Cross-defendant, J. Edgar Brown, the consideration for said real estate, less charges for taxes and satisfaction of judgment liens, and was, at all times, and still is, ready, willing and able to complete said agreement, but the Cross-defendant has refused to accept payment, and that said consideration is now on tender with this Court.

"11. That the Indiana Department of Conservation is the lawful owner of said real estate and that the Plaintiffs and Cross-defendant asserts a claim, or claims, adverse thereto, which claim, or claims, are unfounded.

"WHEREFORE, the Indiana Department of Conservation prays that the title to said real estate be quieted in it forever as against the Plaintiffs and Cross-defendant, and for all other relief just and proper in the premises."

Appellant, J. Edgar Brown, filed his answer in four paragraphs to said "Counter-Claim and Cross-Complaint." The first paragraph of answer is in general denial; the second, in substance, pleads that J. Edgar Brown at all times concerned and at the time of answer was of unsound mind; the third alleged, in substance, that The Indiana Department of Conservation failed to exercise the option set out, that The Indiana Department of Conservation obtained the deeds set out through fraud and misrepresentation, that the deeds are void as not the voluntary act of J. Edgar Brown, that The Indiana Department of Conservation refused to return said deeds; and the fourth alleged failure of consideration for the option and the deeds. Appellee-Department filed its reply to each paragraph of answer in general denial.

Appellant's sole assignment of error is the overruling of his motion for new trial.

Specification 1 of appellant's motion for new trial is that the verdict of the jury is contrary to law. Under this specification appellant argues that there is no evidence of a meeting

of the minds because the option to purchase and the deed contain descriptions of different land and because "the State once upon notice that J. Edgar Brown might not have the capacity to contract has the burden to deal fairly and justly with him and the burden of proof to show in fact they did, particularly when the contract remains executory in nature." Appellant makes reference to the fact that the evidence shows that appellant was of unsound mind and, lastly, under this specification of his motion for new trial, that there was no offer and acceptance.

This court, on appeal, will reverse a judgment of the trial court as contrary to law if from the evidence reasonable minds would only reach a conclusion opposite that reached by the trial court or jury. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669.

We have examined the evidence produced on the issue of appellant's alleged unsoundness of mind at the time of the execution of the option and deed and are of the opinion that such evidence is in conflict and is such that we cannot say, as a matter of law, that reasonable minds could only reach the conclusion that appellant was of unsound mind. We are of the same opinion concerning the issue of offer and acceptance and the voluntary execution of the instruments in question.

As to the descriptions of the land contained in the option and the deed, the law is that generally, in the absence of fraud or mistake, all prior or contemporaneous negotiations or executory agreements, written or oral, leading up to the execution of a deed are merged therein by the grantee's acceptance of the conveyance. 10 I.L.E., *Deeds,* § 103, p. 171. *Thompson* v. *Reising* (1944), 114 Ind. App. 456, 462, 51 N. E. 2d 488 (Transfer denied). The true test of a merger is the intention of the parties. 10 .L.E., *Deeds,* § 103, p. 172, *supra.*

Appellant under this issue in the argument section of his brief sets forth the description in the option followed by a

statement that "[t]his as one can readily see is an impossible description of land in that it cannot be made to conform to any enclosure." Appellant then follows this with the description in the deed and concludes this part of his argument as follows:

> "Now, we recognize that this is a highly technical difference and we are not grasping at straws, but we ask this court to review the evidence of Mr. Scheffe on his experience as a land negotiator. This instrument was prepared by a man well familiar with land description as his testimoney reveals his expertise.
>
> "We feel that this goes without citation that there cannot be a meeting of minds in a contract when the subject matter itself is in mistake. However, we cite from corpus juris secundum Contracts Section 584 P. 1123 and 1124. [17A, C.J.S., Contracts, § 584, pp. 1123-24.]
>
> " 'The party asserting the existence of a contract just, [must] prima facie, at least establish a meeting of the minds [* * *]. However, when persons who are competent to execute contracts, [a contract] sign their name [names] to a written agreement the presumption arises that they knew and understood the nature of the contract [* * *]. This presumption applies at least in the absence of fraud, accident, or *mistake,* [* * *].' (Emphasis ours).
>
> "And again in corpus juris secundum, section 375, p. 425. [17A, C.J.S., Contracts, § 375, p. 425.]
>
> " 'Modification must be made by the contracting parties or someone duly authorized to modify, [* * *] its terms without the assent of the other parties; [* * *].' "

Appellant fails to apply the quoted law to the facts in this case, nor does he refer to evidence in the record which would establish the "fraud, accident or mistake" contained in his authority.

Again, the burden is upon appellant to demonstrate reversible error on appeal by cogent argument, citation of authority and application to the facts of his case. We are of the opinion he has failed in this burden concerning this issue, nor does a review of the evidence on this issue render the general verdict contrary to law.

In conclusion, under specification 1, we are of the opinion that from the evidence in the record before us all of these issues were properly submitted to the jury for its determination, and that the evidence is not such as to make the finding of the jury reversible error as contrary to law.

Specification 2 alleges error in giving appellee-Department's tendered Instructions Nos. 4, 7, 8, 10 and 13, over appellant's objections.

As to the giving of Instruction No. 4, appellant's argument consists of a statement that "[t]his is only a half statement of the law. It is quite clear that the instruction failed to state that this presumption was rebuttable * * *."

> Since this was the only ground of objection to the instruction and the only one argued on appeal, all other possible objections have been waived.

> "Where an instruction is good as far as it goes, it is not erroneous because it does not fully cover the subject matter, but the complaining party should request additional instructions." 28 I.L.E., *Trial*, § 201, p. 192; F. W. & H., Ind. Tr. & App. Pract., § 1514, *Comment* (4), p. 87 (1963 P.P.). *Price* v. *Huddleston* (1906), 167 Ind. 536, 542, 79 N. E. 496; *Lawrence* v. *Pennsylvania Railroad Co.* (1962), 133 Ind. App. 435, 443-44, 181 N. E. 2d 647.

Therefore, there was no error in the giving of appellant's tendered Instruction No. 4.

Appellant's argument concerning the giving of appellee-Department's Instructions Nos. 7 and 8 consists of one paragraph stating, in part, that "there was absolutely no evidence of a voluntary conveyance * * *." There is no citation of authority and no reference is made to the evidence.

Appellant's argument concerning the giving of appellee-Department's Instructions Nos. 10 and 13 consists of one paragraph of three lines, and one paragraph of five lines, respectively. Each paragraph is the statement of a conclusion of the writer; and appellant cites no authority and makes no application to the facts of this case.

Therefore, any error in the giving of appellee-Department's Instructions Nos. 7, 8, 10 and 13 have been ■ waived for failure to comply with Rule 2-17(e), Rules of the Supreme Court, 1964 Revision.

Specification 3 alleges error in the refusing to give appellant's tendered Instructions Nos. 3, 5, 7, 12, 19 and 21.

Appellant's arguments as to the refusal to give his Instructions Nos. 3, 12 and 21 consist of his conclusions, without authority or application to the facts.

Appellant's argument as to the refusal of the trial court to give his Instructions Nos. 5, 7 and 19 consists only of a quote from a decision with no application of the authority to the facts or issue in this cause.

Therefore, any error in refusing to give appellant's tendered Instructions Nos. 3, 5, 7, 12, 19 and 21 is waived for insufficient argument.

No error is presented here on appeal by specifications 4, 5, 6, 8, 9, 10, 11 and 12 of appellant's motion for new trial for the reason that the rulings of the court, the objections ■ thereto, and the offer to prove are not set forth in either the motion for new trial or appellant's brief. *Boyle* v. *State* (1955), 234 Ind. 215, 218, 125 N. E. 2d 707; *Hart* v. *State* (1942), 220 Ind. 469, 479, 44 N. E. 2d 346; *Minninger, Admx.* v. *N. Y. Central Railroad* (1953), 123 Ind. App. 338, 340, 109 N. E. 2d 104, (Transfer denied) ; *Wagner* v. *Howard Sober, Inc.* (1949), 119 Ind. App. 617, 622, 86 N. E. 2d 719, (Transfer denied). F.W. & H., Ind. Tr. & App. Pract., § 1812, p. 135 (1963 P.P.). Also, appellant's argument is insufficient to comply with Rule 2-17(e), *supra*.

Specification 7 concerns remarks of the trial judge. ■ However, appellant has the burden of showing prejudicial error from said remarks. This he has failed to do.

Specifications 14, 15, 16, 17 and 18 are each also waived for failure to comply with Rule 2-17, *supra*, requiring appellant

to affirmatively show harmful error by cogent argument and citation of authorities. *Terrey* v. *Brinckman* (1963), 135 Ind. App. 479, 485, 194 N. E. 2d 760.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

Cooper, C. J. and Carson, J., concur.

Prime, J., concurs in result.

NOTE.—Reported in 225 N. E. 2d 187.