**DUNKELBARGER CONSTRUCTION COMPANY, and Bert S. Engler, Defendant-Appellants,**

v.

**Susan WATTS, Executrix U/W of Pollard Watts, Deceased, and Susan Watts, Plaintiff-Appellee.**

No. 1–785A183.

Court of Appeals of Indiana, First District.

Jan. 29, 1986.

Rehearing Denied March 5, 1986.

Stephen A. Bailey, Lindhorst & Dreidame Co., L.P.A., Cincinnati, Richard R. Mattingly, Aurora, for defendant-appellants.

William R. Wilson, Frank G. Kramer, Lawrenceburg, for plaintiff-appellee.

Evan E. Steger, Philip A. Whistler, Ice, Miller, Donadio & Ryan, Indianapolis, amicus curiae.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellants, Dunkelbarger Construction Company and Bert S. Engler (Dunkelbarger), appeal a Dearborn Circuit Court judgment awarding plaintiff-appellee, Susan Watts, Executrix U/W of Pollard Watts, deceased (Watts), $700,000.00 for damages arising from a truck collision.

We affirm.

## STATEMENT OF THE FACTS

On August 8, 1981, Watts' pick-up truck was struck from behind by a truck driven by Engler and owned by Dunkelbarger. As a result of the collision, Watts suffered a broken neck. While "recuperating" from the neck injury, Watts was beset by several serious complications, including permanent blindness, skin ulcers and pneumonia. Expert testimony attributed the complications, directly or indirectly, to the collision. The neck injury, the blindness and reoccurring respiratory problems rendered Watts so dependent and disabled as to require his placement in a nursing home. Eighteen months after entering the nursing home, Watts died of pneumonia and respiratory failure. His death was attributed to the respiratory complications arising from the collision.

An action for personal injuries was initiated by Pollard Watts during his lifetime in which Susan Watts, his wife, joined, claiming loss of consortium. Upon Pollard Watts death, Susan Watts, as Executrix of the estate of Pollard Watts, deceased, was substituted as plaintiff, and she filed an amended complaint which included an action for wrongful death. However, Susan Watts individually remained in the case as a plaintiff, claiming loss of consortium. Without objection and upon an admission of liability by both defendants, the case proceeded to trial upon damages alone. The jury returned a verdict as follows:

"We, the jury, find for the plaintiff, Susan Watts, Executrix U/W Pollard Watts, deceased, and against the defendant [sic], Dunkelbarger Construction Company and Bert S. Engler and assess her damages in the amount of $700,-000.00."

No verdict was returned for Susan Watts individually. The court entered judgment for Susan Watts, Executrix, but against her individually.

## ISSUES

Dunkelbarger presents two issues for review:

I. Whether the trial court gave an erroneous aggravation of pre-existing condition instruction.

II. Whether damages were excessive.

## DISCUSSION AND DECISION

Issue I: *Instruction.*

Dunkelbarger contends that the trial court committed reversible error in giving the following instruction to the jury:

"Plaintiff's will be entitled to recover where the negligence of the defendants caused an injury even though by reason of previous physical or diseased condition such injuries are more serious, or the person is more susceptible to injury, or death is directly hastened."

Dunkelbarger's objection to the instruction was as follows:

"Number one, I object to the instruction as not being an adequate review and recitation of the law, and, secondly, there has been no testimony whatsoever that the injuries ... that there has been an aggravation of a pre-existing condition in the neck which is the injuries we are involved in in this litigation."

Ind. Rules of Procedure, Trial Rule 51(C) provides in part:

"No party may claim as error in giving an instruction unless he objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he objected and the ground of his objection. ..."

An objection which is not specific preserves no error on appeal. *Harper v. Goodin* (1980), Ind.App., 409 N.E.2d 1129. An objection "that there was no evidence to support an instruction and that it does not state the law concerning punitive damages in Indiana," has been held insufficient to

preserve error. *Harper, supra.* A general objection that merely quotes a statute is insufficient. *Lee v. Dickerson* (1961), 131 Ind.App. 422, 171 N.E.2d 698. A bare objection to an instruction preserves nothing. *Lund v. State* (1976), 264 Ind. 428, 345 N.E.2d 826. An objection that the instruction "is only a half statement of the law" is insufficient. *Brown v. Indiana Dept. of Conservation, et al.* (1967), 140 Ind.App. 638, 225 N.E.2d 187.

Clearly the objection in the case at bar preserves nothing for review and we so hold.

Even if Dunkelbarger had properly preserved the issue, he has not met his burden on appeal to demonstrate reversible error and rebut the strong presumption that the actions of the trial court were correct. The instruction is black letter law as found in 65 A C.J.S. *Negligence* Sec. 134, and as such is a correct statement of the law. *Johnson v. Bender* (1977), 174 Ind.App. 638, 369 N.E.2d 936. The second part of the objection seeks to confine the doctrine of pre-existing injuries to injuries to the neck. There were no pre-existing injuries to the neck. The evidence supports the conclusion that Pollard Watts suffered from a frail lung condition prior to the injury, which made him more susceptible to pneumonia. Because of the severe injuries incurred in the collision, his activities, such as ambulation, were greatly restricted, and good air flow through his lungs was diminished. The accident therefore, set in motion a chain of circumstances culminating in pulmonary failure which caused his death.

Additionally, the argument that the instruction is incomplete is not well taken. Instructions must be considered together and he has not demonstrated that the deficiency was not covered by other instructions. Further, defendants were bound to tender instructions which would cover the deficiencies. We find no error.

Issue II: *Damages.*

The record supports the conclusion that the verdict was returned in the wrongful

death claim and Dunkelbarger, referring to that claim as a "survival action," does not argue to the contrary.[1] It merely argues that the verdict was so excessive as to shock the conscience of reasonable men and is contrary to common sense and good judgment.

In a wrongful death claim a plaintiff may recover for medical, hospital, nursing, funeral, burial and estate administration expenses, plus any pecuniary loss suffered, as a result of decedent's death, by the surviving spouse and/or dependent next of kin. IND. CODE 34–1–1–2. Pecuniary loss includes loss of care, love and affection. *Thomas v. Eads* (1980), Ind. App., 400 N.E.2d 778. As stated in *State v. Bouras* (1981), Ind.App., 423 N.E.2d 741, determination of pecuniary loss is the function of the jury. On appeal, damages will be considered excessive only if they are so outrageous as to indicate passion, prejudice or partiality. *Bouras, supra; Burnett v. State* (1984), Ind., 467 N.E.2d 664. The standard has been variously phrased as grossly excessive, inordinate, shocking to the judicial conscience, and outrageously excessive. *Huff v. White Motor Corporation* (1979), 609 F.2d 286. It has been said that in order to justify a reversal of a judgment on the ground that the judgment is excessive, the amount of damages must appear to be so outrageous as to impress the court at "first blush" of its enormity. *New York Central Railroad Co. v. Johnson* (1955), 234 Ind. 457, 127 N.E.2d 603.

The evidence most favorable to the verdict shows that at the time of the injury Pollard Watts was 62 years of age and had a life expectancy of 14.8 years. He was and had been a self-employed barber for 32 years with an average annual income of $5,000.00. He had applied for social security benefits and would receive $410.70 per month, but planned to continue barbering. He had been active and was in generally good health, but had had a thyroid operation in 1947, and some arteriosclerosis and respiratory problems. His medical related expenses totaled $97,701.87; loss of social security benefits totaled $72,940.32; and loss of earned income totaled $60,384.00. Thus total out-of-pocket expenses amounted to $230,826.19. Given the $700,000.00 award, $469,173.81 must be attributed to the loss of care, love and affection to the wife.

Even if we may think that the verdict was overly generous, under our standard of review reversible error does not exist. In *Huff, supra,* the U.S. 7th Circuit Court of Appeals upheld a $700,000.00 judgment where income and special damage factors were similar and where there was only a wife as beneficiary. The *Bouras* court upheld a $474,717.00 judgment (reduced to $300,000.00 by virtue of the Tort Claims Act) for the death of an unemployed mother whose only special damages totaled $5,280.74, and whose only dependant was a 12 year old boy.

*Amicus Curiae Brief.*

We have been presented a brief denominated as an Amicus Curiae Brief prepared by the law firm of Ice, Miller, Donadio and Ryan, and filed on behalf of Reliance Insurance Company. In its Petition for Leave to File Brief as Amicus Curiae, Reliance alleges that it was the insurance carrier for defendant-appellants and had employed counsel to defend the suit, which is the same counsel now appealing the case to this court. Reliance stated that after judgment, it paid into court its policy limit of $300,000.00, but thereafter plaintiff-appellee took an assignment of rights to an excess suit from defendant-appellants, and filed an excess suit in the Federal District Court for the Southern District of Indiana. It is not stated on what grounds the suit was filed. We are aware that the cause of action could be founded on a negligent defense by Reliance or on a negligent failure by Reliance to settle.

---

**1.** Certain procedural, evidentiary and instructional irregularities appear because of the death, substitution of parties, and realignment of issues, but the case was tried and a verdict was rendered without objection by Dunkelbarger. *See* IND.CODE 34–1–1–1 and 34–1–1–2 addressing survival actions and wrongful death actions.

Reliance alleges in its petition and its brief that through the proceedings of the excess suit, it discovered for the first time numerous glaring errors committed by its trial counsel, which it had employed. The errors complained of were: (1) permitting the case to go to trial without objection on plaintiff-appellees amended complaint which encompassed a survival action under IND. CODE 34-1-1-1, a wrongful death action under IND. CODE 34-1-1-2, and a loss of consortium action; (2) failure to object to the admission of evidence of pain and suffering; (3) failure to object to a number of instructions given by the trial court including a pain and suffering instruction; and (4) failure to tender proper damages instructions. Reliance requests this court to examine the record *sua sponte* under the doctrine of fundamental or plain error and to reverse this case. Appellate counsel for Reliance does not raise those issues in this appeal.

■■■ An amicus curiae is not a party and has no standing. Its status is that of a neutral advisor. It has no control over the proceedings and must take the case as it finds it upon the issues formed by the parties. 3 A C.J.S. *Amicus Curiae* Sec. 7; *Skolnick v. State* (1979), 180 Ind.App. 253, 388 N.E.2d 1156, *cert. denied*, 445 U.S. 906, 100 S.Ct. 1085, 63 L.Ed.2d 323 (1980); *Anderson Federation of Teachers Local 519 v. School City of Anderson* (1969), 252 Ind. 558, 251 N.E.2d 15, *rehearing denied*, 254 N.E.2d 329 (1970), *cert. denied*, 399 U.S. 928, 90 S.Ct. 2243, 26 L.Ed.2d 794. We deem Reliance's role to be that of an adversary. Error may only be assigned by a party who appeared in trial court below. 2 I.L.E. *Appeals* Sec. 352. Reliance is not a neutral amicus curiae. It employed one firm of attorneys to defend the case and appeal it, and another firm of attorneys to appeal it collaterally via an amicus curiae brief in which they condemn the action of Reliance's trial and appellate counsel. Such a procedural posture is extraordinary to say the least, and has no parallel in our knowledge. Insurance companies possess the expertise and are in a position to employ adequate counsel and to be selective in

their choice. Additionally, they are in a position to and do in fact supervise trial counsel in the defense of suits which they are obligated to defend under the terms of their policies. We do not feel obligated to insert ourselves into a case as advocate *sua sponte* to protect an insurance company from its own or its counsel's mistakes in judgment. We hold that Reliance is not a proper amicus curiae and thus can not proceed as though it is one.

Assuming arguendo, that the doctrine of plain or fundamental error exists in Indiana in civil cases, it is not applicable here. In its amicus curiae brief Reliance argues first that Pollard Watts died from causes other than the injuries, and therefore, the recovery is limited under the survival statute, IND. CODE 34-1-1-1, to medical, hospital, nursing expenses, and loss of income. Such an argument is merely a request for us to reweigh the evidence.

Next, Reliance argues that even if Pollard Watts died as a result of the injuries and an action for wrongful death was proper, recovery could not be had for pain and suffering prior to death. It then shows that plaintiff-appellee entered, without objection from Reliance counsel, substantial evidence of pain and suffering. It shows that the court instructed the jury on pain and suffering without objection by its counsel. It argues that its counsel did not tender proper damage instructions. Conceding that failure to object to instructions or evidence, or failure to tender instructions waives the issue on appeal, Reliance argues that in this case the errors singularly and cumulatively were of such magnitude as to constitute fundamental error. We disagree.

■■■ A series of cases have held that failure to object to instruction or evidence does not amount to fundamental error, even in criminal cases. *Cook v. State* (1980), Ind.App., 403 N.E.2d 860; *Phillips v. State* (1978), 268 Ind. 556, 376 N.E.2d 1143; *Fair v. State* (1977), 266 Ind. 380, 364 N.E.2d 1007; *Winston v. State* (1975), 165 Ind.App. 369, 332 N.E.2d 229; *Ervin v.*

*State* (1973), 158 Ind.App. 594, 303 N.E.2d 835. The same result has been reached in a civil case. *United Farm Bureau Family Life Insurance Co. v. Fultz* (1978), 176 Ind.App. 217, 375 N.E.2d 601. In *Cook, supra,* we said that a trial court had no duty to *sua sponte* exclude evidence where no objection was made. Numerous errors do not cumulatively amount to fundamental error. *Arch v. State* (1978), 269 Ind. 450, 381 N.E.2d 465. Statements are made in the cases that, to permit the result urged here, would reward lazy and slothful counsel.

For the above reasons, this cause is affirmed.

Judgment affirmed.

ROBERTSON, P.J., and RATLIFF, J., concur.