PULCHERIE CORMIER vs. LEONA P. CARTY.

Suffolk. April 7, 1980. — August 1, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & ABRAMS, JJ.

*Practice, Civil,* Findings by judge, Appeal.

Although this court did not condone the action of a judge in adopting ver-
batim findings of fact submitted by the defendant's counsel at the
judge's request, reversal was not required where the plaintiff's counsel
had received a copy of the judge's letter to defense counsel requesting
suggested findings of fact and where the evidence supported the find-
ings. [235-238]

CIVIL ACTION commenced in the Probate Court for the
county of Suffolk on September 3, 1976.

The case was heard by *Fitzpatrick,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Charles R. Desmarais* for the plaintiff.

*David Entin* for the defendant.

ABRAMS, J.   We granted plaintiff Pulcherie Cormier's ap-
plication for further appellate review to consider her claim
that "[t]he Appeals Court decision leaves Massachusetts
case law in the stance of . . . endorsing the propriety of trial
judges' requesting counsel for the prevailing party to pre-
pare findings [of fact], after an apparent decision has been
made." See *Cormier* v. *Carty,* 8 Mass. App. Ct. 401, 401
n.1 (1979). But see *Markell* v. *Sidney B. Pfeifer Founda-
tion, Inc.,* 9 Mass. App. Ct. 412, 414-418 (1980).

At issue on the merits is the meaning to be given to an ar-
rangement under which certain bonds of the Seattle First
National Bank are held in the joint names of Cormier and
defendant Leona P. Carty.   The judgment rendered by the
probate judge declared that these bonds, whose face value
amounts to approximately $68,000, are held subject to an

oral trust for the benefit of Cormier during her life with the remainder payable to Carty upon Cormier's death. After reviewing the record, we affirm.

*Solicitation of findings of fact.* In essence, Cormier contends that the judgment must be reversed because the judge decided the case without first making independent findings of fact. The case was tried before a Probate Court on April 6 and May 10, 1977. On September 16, 1977, the judge wrote to defense counsel requesting "Suggested Finding of Fact, Conclusions of Law and a Judgment to the effect that [the funds now invested in the bonds are] subject to an oral trust for the benefit of the Plaintiff for life and remainder to the Defendant."[1] Carty's counsel complied with this request.

A copy of this letter was sent by the judge to Cormier's counsel, but the judge did not specifically invite plaintiff's counsel also to submit findings of fact.[2] Cormier had filed no proposed findings of fact before receiving a copy of the letter, and filed none thereafter.[3] On February 17, 1978, the judge entered findings of fact, conclusions of law, and a

---

[1] The full text of the letter reads: "In the above entitled matter would you please prepare for my consideration Suggested Findings of Fact, Conclusions of Law and a Judgment to the effect that the monies that were in the three joint bank accounts in the names of the plaintiff and defendant were held in joint account subject to an oral trust for the benefit of the Plaintiff for life and remainder to the Defendant.

"The Funds which were in the three joint bank accounts and are now in two bank bonds with the Seattle First National Bank in the names of Leona P. Carty, Pulcherie Cormier are also subject to a Trust.

"The owner, Leona P. Carty, holds her joint legal interest for the benefit of Pulcherie Cormier during Pulcherie's life, funds to be expended only for the benefit and care of the cestui during her life time with the remainder to the Trustee, Leona P. Carty."

[2] Since her counsel received a copy of the letter, we reject Cormier's contention that the letter represented a private ex parte communication in violation of the Code of Judicial Conduct, S.J.C. Rule 3:25, Canon 3 (A), 359 Mass. 842 (1972).

[3] After receiving the letter Cormier filed two motions, asking first that the judge discharge the case from further consideration, and second that a mistrial be declared. Each motion was grounded in part on a claim that the judge had reached a decision without first making her own findings of fact.

judgment. Since Cormier asserts on appeal (and Carty does not deny) that the judge's findings represent a verbatim recitation of the submissions made by Carty's counsel in response to the judge's letter, we assume this to have been the case.[4]

The Massachusetts Rules of Civil Procedure, 365 Mass. 730 (1974), govern "procedure . . . in the Probate Court in proceedings seeking equitable relief." Rule 52 (a), 365 Mass. 816 (1974), like the Federal rule of the same number, requires that "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially . . . . Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." See Fed. R. Civ. P. 52 (a).

While the issue before us is one of first impression, the propriety of a trial court's adopting findings of fact submitted by a party has been extensively discussed by the Federal courts, and we may look for guidance to decisions reached under the Federal rule on which our rule is based. *Rollins Environmental Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975).

We conclude that our rule serves to (1) insure the quality of a judge's decision making process by requiring simultaneous articulation of the judge's underlying reasoning; (2) assure the parties that their claims have been fully and fairly considered; and (3) inform an appellate court of the basis on which a decision has been reached. See *Roberts* v. *Ross*, 344 F.2d 747, 751-752 (3d Cir. 1965). The practice followed by the judge in this case tends to defeat each of these three underlying purposes, and we do not condone it. "Findings and conclusions prepared ex post facto by counsel, even

---

[4] The findings proposed by Carty's counsel do not appear in the record. In assuming for the purposes of this case that the judge's findings represent a verbatim adoption of Carty's submissions, we intimate no view that an appellate court must always make such an assumption when confronted with a record which is silent as to the content of a party's proposed findings.

though signed by the judge, do not serve adequately the function contemplated by the rule." *Roberts* v. *Ross, supra.*[5]

It is equally clear, however, that failure to conform to the requirements of the rule does not automatically require reversal. Findings adopted by the judge remain "formally his; they are not to be rejected out-of-hand, and they will stand if supported by evidence." *United States* v. *El Paso Natural Gas Co.,* 376 U.S. 651, 656 (1964).[6]

Nevertheless, findings which fail to evidence a "badge of personal analysis" by the trial judge must be subjected to stricter scrutiny by an appellate court. *In re Las Colinas, Inc.,* 426 F.2d 1005, 1010 (1st Cir. 1970). *Louis Dreyfus & Cie.* v. *Panama Canal Co.,* 298 F.2d 733, 738-739 (5th Cir. 1962). "We in no way suggest that courts may not receive [or solicit] conventional requests for findings and adopt those submitted by one party and reject those of the other. However, the greater the extent to which the court's eventual decision reflects no independent work on its part, the more careful we are obliged to be in our review." *In re Las Colinas, Inc., supra* at 1010.[7] See *Photo Elecs. Corp.* v. *England,* 581 F.2d 772, 777 (9th Cir. 1978). In short, although the "clearly erroneous" standard of review specified by rule 52 (a) is not displaced, we shall be more likely in a close case to disregard a finding, or remand for further findings where the judge has neither personally prepared the

---

[5] Nothing we say in this opinion should be construed as criticism of the practice of soliciting proposed findings of fact and conclusions of law from all parties at the close of evidence before a decision has been reached. *Bradley* v. *Maryland Cas. Co.,* 382 F.2d 415, 423 (8th Cir. 1967). Nor are we unaware of the concern for "efficient administration [of justice] that leads hard pressed judges to turn to counsel for help." *In re Las Colinas, Inc.,* 426 F.2d 1005, 1008 (1st Cir. 1970).

[6] For State authority to this same effect, see generally, Annot., 54 A.L.R.3d 868 (1974 and Supp. 1979).

[7] In this regard, an indication that the judge has carefully considered those findings assessing the credibility of witnesses may be particularly important in view of both the need for such assessments to be made dispassionately and the difficulty an appellate court necessarily encounters when forced to assess the credibility of witnesses solely on the basis of a "cold" record.

findings, nor "so reworked a submission by counsel that it is clear that the findings are the product of his independent judgment." *Markell* v. *Sidney B. Pfeifer Foundation, Inc.,* 9 Mass. App. Ct. 412, 418 (1980). See 9 C.A. Wright and A.R. Miller, Federal Practice and Procedure § 2578, at 707 (1971).

*The merits.* In accordance with the foregoing principles, we have closely examined the judge's findings of fact in light of the entire record.[8] We find that the great weight of the evidence supports the judge's conclusion that the funds at issue are held subject to an oral trust for the benefit of Cormier during her life, with the remainder payable to Carty upon Cormier's death.[9] See *Cormier* v. *Carty,* 8 Mass. App. Ct. 401, 404 (1979).

*Judgment affirmed.*

---

[8] Cormier argues that the judge erred in relying on a conclusion that all of the funds found to be subject to the trust originally came from Cormier's sister, while in fact certain funds came from Cormier herself. Even if this argument is correct, however, it does not defeat the judge's conclusion that the intent of Cormier herself, as well as her sister and Carty, in establishing accounts in Cormier's and Carty's names, was to establish a trust for the benefit of Cormier while she lived, with the remainder to Carty on Cormier's death.

[9] At oral argument plaintiff's counsel informed us that the plaintiff had died, and subsequently a suggestion of death was filed in this court.