Michael[2] appeals from a judgment of the Probate and Family Court allowing the first and final account (account) of Gail, the temporary and permanent guardian and conservator of E.P. We affirm.
Background. E.P. had four children: Roger, Michael, Gail, and Beverly. In 2005, E.P. granted Gail and Roger a power of attorney, and executed a will leaving her estate to her four children with Roger, Gail, and Beverly receiving 28.5 percent, and Michael receiving 14.5 percent. The will specifically stated that Michael's share was reduced for the sole reason that he had no children and not due to any lack of affection.
In 2006, pursuant to the power of attorney, Gail "began to exercise her authority as attorney-in-fact and assisted her mother in the handling of her financial affairs." This continued following Gail's appointment in 2009 as guardian and conservator and concluded upon E.P.'s death on September 30, 2010.
At the time of her death, most of E.P.'s assets were held jointly with right of survivorship with Gail or Gail and Roger. As set forth in the accounting, Gail distributed the jointly held assets in accordance with the provisions of E.P.'s will, with one exception. In 2007, E.P. and Gail, acting under her power of attorney, established three accounts, one each in E.P.'s name and each of her children, with the exception of Michael. These accounts held certificates of deposits with an initial deposit of $20,000 per account.[3] Gail distributed these accounts to the surviving joint tenants and not in accordance with the terms of E.P.'s will. The judge found that the three accounts were properly distributed by Gail to the surviving joint tenants.
Discussion. a. Joint accounts. "It is settled that in a probate proceeding the burden of proof 'is on the accountant, ... to prove that [s]he has disposed properly of the amount for which [s]he is accountable, and to show what that amount is.' " Rhode Island Hosp. Trust Natl. Bank v. Burns, 12 Mass. App. Ct. 251, 255 (1981), quoting from First Natl. Bank v. Brink, 372 Mass. 257, 264 (1977). After an initial delay, Gail satisfied her obligation to account for E.P.'s assets and explain the expenditures and distributions she made on behalf of E.P. during her lifetime. The distribution of the three accounts to the surviving joint tenants was consistent with her duties. "[T]he transaction of creating a joint bank account with the right of survivorship must be taken at face value unless evidence shows that the parties did not so intend." Desrosiers v. Germain, 12 Mass. App. Ct. 852, 855 (1981). Even where a donor retains the passbook and reserves all rights to income and corpus in a joint account, "a valid present gift of survivorship in the account can arise under the established principle that a valid gift of property can be made while the donor retains a life interest in the property given." Ibid. Whether the donor intended to make a gift is a question of fact, and the burden of proof is generally on the party seeking to prove that there was no intention to create a gift to the surviving tenant. Id. at 855-856.
While Michael contends the joint accounts with Gail, Roger, and Beverly should have been considered assets of the estate, he offered no evidence that his mother did not intend a completed gift when the accounts were created. That E.P. retained control of and could have used the funds during her lifetime does not refute an intent to gift the assets. Gail's uncontroverted testimony that the accounts were set up for convenience to help pay E.P.'s bills, was in response to a question as to who paid the taxes during E.P.'s lifetime and did not negate the presumption of a valid gift. Even if, as Michael argues, Gail bore the burden of proof as a fiduciary, see Gershaw v. Gershfield, 52 Mass. App. Ct. 81, 94 n. 21 (2001), the judge did not err in finding that Eleanor intended a completed gift in these circumstances.
b. Misappropriated funds. On conflicting evidence the judge rejected Michael's claims that Gail misappropriated funds. We note that Michael's arguments to the contrary focus on his mother's statements in 2005 that she wanted to leave her estate to all of her children equally and that her diagnosis in 2006 of senile dementia prevented her from participating in any financial decisions after that date. Notably, E.P.'s September 29, 2005, will was admitted to probate and did not treat all of her children equally. In these circumstances, E.P.'s verbal statements that she intended to leave her estate equally to her four children, even if credited by the judge, cannot alter her will.
Michael's argument that E.P. could not have participated in any financial decisions or creation of accounts after March or April, 2006, when she was diagnosed with "senile dementia," is unavailing in the absence of evidence that she suffered from cognitive deficits that bore on her competency to understand financial transactions. Paine v. Sullivan, 79 Mass. App. Ct. 811, 818 (2011). Such a claim is not supported by the record. Indeed, in 2005, after reviewing her finances with Michael, E.P. made changes which he suggested, including the sale of savings bonds and the opening of higher interest bearing accounts.
c. Findings. Finally, we note Michael's dissatisfaction with the judge's nearly verbatim adoption of many of Gail's proposed findings of fact. Indeed, twenty-two of the judge's twenty-three findings largely track Gail's proposed findings. This practice has been criticized routinely. See, e.g., Cormier v. Carty, 381 Mass. 234, 236-238 (1980) (quotation omitted) (where findings lack a "badge of personal analysis" by the judge, appellate court will be more likely in a close case to disregard a finding); Care & Protection of Olga, 57 Mass. App. Ct. 821, 822-823 (2003). Even findings lifted "wholesale" from a party's proposed findings, however, are not rejected "out of hand," and we do not set aside findings that are supported by the record. First Pa. Mort. Trust v. Dorchester Sav. Bank, 395 Mass. 614, 622 n.12 (1985). Our review of the record indicates the judge was fully engaged in the trial and the findings and judgment are supported by the record.[4]
We decline to impose sanctions and fees on Michael as requested by Gail.[5]
Judgment allowing first and final account affirmed.

Due to the common surname of some of the family members and to preserve confidentiality, we use their first names.

In 2005, E.P. cashed individual savings bonds which were held jointly with each of her three children except for Michael, and these proceeds, in part, funded the three joint accounts at issue.

We decline to consider Gail's deposition, offered by Michael and the subject of her motion to strike, as it was not an exhibit at trial or otherwise before the judge.

We have examined all of the other points and arguments of Michael. That we have not discussed them means simply that "[w]e find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).