Following a hearing on Lisa L. Lanzillotti's (mother) complaint for modification and Erik M. Peterson's (father) counterclaim for modification, a Probate and Family Court judge issued two judgments, one awarding sole physical custody to the mother and reducing the father's parenting time with their minor child, and the other denying the father's counterclaim. The father appeals, arguing that the judge adopted the mother's proposed judgments without undertaking independent analysis, that the findings were not supported by and were contradictory to the evidence introduced at the hearing, and that the judge did not consider the child's best interest in entering the modification of the parties' joint parenting schedule. The mother cross-appeals, arguing that the judge erred in denying her sole legal custody. We affirm.
1. Findings and conclusions of law. The father claims that because the judge adopted in whole the mother's proposed judgments and proposed rationale, findings, and conclusions of law, the judgments that issued lacked "any badge of personal analysis" or "other reflection of independent work on the part of the [j]udge." We will strictly scrutinize, and sometimes set aside, findings that are proposed by the parties and adopted by the judge when they are not supported by the evidence. See Cormier v. Carty, 381 Mass. 234, 236-238 (1980). Upon review of the findings in this case, we disagree with the father's claim.
The key findings underpinning the change in circumstances to support custody modification are that, since the parties' divorce, the father moved to a town sixty miles away from where the parties lived at the time of their divorce and failed "to disclose to [or discuss with] [the] [m]other important decisions and events which directly impact [the child]." These findings were supported by the evidence, including: (1) the guardian ad litem's testimony that she was concerned the father did not communicate his intention to move to Longmeadow to the mother earlier; (2) the father's testimony that the child must wake up at 5:30 A.M. on transition mornings in order to arrive at the mother's house by 7:00 A.M. ; and (3) the mother's testimony that the child is "exhausted," "generally a different little girl," and "tired and cranky" since the father's move.
In addition, the judge evaluated the credibility of the mother's testimony regarding her choice of living arrangements and rejected the mother's request for sole legal custody, indicating that she did not accept the mother's proposed judgments wholesale. For these reasons, "[w]e are satisfied that the judge's findings bear the imprint of [her] independent judgment and that they should be given the weight customarily afforded findings of trial judges." Edinburg v. Cavers, 22 Mass. App. Ct. 212, 219-220 (1986).[2]
2. Sufficient evidentiary basis. The father also claims that several of the judge's findings lacked a sufficient evidentiary basis. We disagree.
Some of the challenged findings have their evidentiary basis in credibility determinations, such as the father's motivations for moving to Longmeadow and desiring to send the child to a preschool in Enfield, Connecticut. Others are supported by the exhibits contained within the record, such as the father "excessively" sending the mother electronic mail messages that included "request[s for] personal information unrelated to [the child]." As to the several "conclusory" findings that the father claims are entirely unsupported by the record, those findings resulted from the judge reasonably weighing the evidence contained within the record. "Absent clear error, we will not substitute our weighing of the evidence for that of a trial judge who had the opportunity to observe the witnesses and form conclusions about their credibility, even if our weighing of the evidence might have differed from that of the judge." B.B.V. v. B.S.V., 68 Mass. App. Ct. 12, 18-19 (2006), quoting from A.H. v. M.P., 447 Mass. 828, 838 (2006). We find no such error in the judge's findings.
3. Modification of parenting schedule and legal custody. Next, the father disputes the judge's determination that, despite the parties previously sharing physical and legal custody, the mother was the primary caretaker of the child and was the "more appropriate parent" to have sole physical custody. Furthermore, on cross appeal, the mother argues that the judge erred in finding that it was not in the child's best interest to award her sole legal custody. We disagree with each of these claims.
The judge crafted the parenting schedule set forth in the judgment "to minimize the long frequent commutes and transitions" the child undergoes each week. As the judge found, the mother's home is closer in proximity to the child's pediatrician, preschool, and family supports, and to the mother's dental practice. The parenting schedule also contemplated the close bond the mother and child share, while ensuring that the father is able to maintain and foster his relationship with the child. The parenting schedule therefore takes the child's best interest into primary consideration and was not error. See Rolde v. Rolde, 12 Mass. App. Ct. 398, 402 (1981).
Furthermore, although the judge found that it was in the best interest of the child to grant sole physical custody to the mother, the judge refused to award the mother sole legal custody. As stated by the judge, although "[m]any of the [f]ather's interactions with the [m]other" support the mother receiving sole physical custody, "they do not rise to a level to justify a change as to legal custody." Based on the facts found by the judge on the evidence before her, there was no error in maintaining joint legal custody.[3]
Judgments affirmed.

The father alerts us to a finding that purports to limit the parties' communication to one electronic mail message per week regarding the child's well-being and care, but that no such restriction is contained in the judgment. This discrepancy, which can best be characterized as oversight, does not constitute a basis for overturning an otherwise sufficient judgment.

The mother's request for appellate attorney's fees is denied.