After an assessment of damages hearing on July 6, 2017, a Superior Court judgment entered against the defendant, Chris Winton Henderson, doing business as Legal Eagles, for the sum of $78,790.47. On appeal, the defendant argues that the judge erroneously admitted and relied upon the plaintiff's affidavit and accompanying exhibits. The defendant further argues that the judge's failure to make written findings as to damages requires a remand for that purpose. We affirm.
Background. On or about May 31, 2007, the defendant obtained a business preferred line of credit account with the plaintiff, Eastern Bank, with a credit limit of $50,000. In September, 2014, the defendant defaulted on the loan by failing to make a payment after the plaintiff notified her of a lack of funds in one of her depository accounts. Consequently, on September 17, 2014, the plaintiff sent the defendant a notice of default and demand for payment for the total of $50,997.02. The defendant has made no payments to the plaintiff since September, 2014.
On December 1, 2014, the plaintiff initiated this action in Superior Court by filing a verified complaint alleging that the defendant owed it $51,617.96 as of October 24, 2014, among other claims.[2] Pete Kaznoski, a senior vice-president of the plaintiff, signed the verified complaint, which delineated the amounts allegedly owed by the defendant as $49,981.17 in principal, $1,427.40 in interest, and $209.39 in late charges. The defendant filed an answer and numerous counterclaims, which were dismissed upon the plaintiff's motion by order dated November 30, 2015.[3] The plaintiff's subsequent motion for summary judgment was allowed on counts one and three in a memorandum of decision and order dated February 22, 2017.
A damages assessment hearing took place on July 6, 2017. In support of its motions for assessment of damages and for assessment of attorney's fees and costs, the plaintiff filed the affidavit of Pete Kaznoski dated June 14, 2017 (Kaznoski affidavit), with two accompanying exhibits. Paragraph 13 of the Kaznoski affidavit delineates the amount of the defendant's debt as $49,981.17 of principal, $14,205.64 in interest, $380.92 in late fees, and $14,222.74 in legal fees. The first exhibit is a single-sheet "Payoff Statement" showing a breakdown of the amounts the defendant allegedly owed on her account with the plaintiff as of June 12, 2017. The second exhibit is an eighteen-page history of disbursements and transactions for the defendant's account since its inception in 2007. Additionally, the affidavit of Attorney Riccardo L. Rullo, with an invoice attached, was entered on May 8, 2017, in support of the plaintiff's motion for attorney's fees and costs. The hearing judge had the original verified complaint, Attorney Rullo's affidavit, and the Kaznoski affidavit with its two exhibits before him.
Discussion. The defendant first challenges the admissibility of both the Kaznoski affidavit and its two accompanying exhibits. Preserved evidentiary rulings are reviewed for abuse of discretion. Commonwealth v. Rivera, 83 Mass. App. Ct. 581, 587 (2013). Abuse of discretion occurs where "the judge made 'a clear error of judgment in weighing' the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). An affidavit must be made on "personal knowledge," setting forth "such facts as would be admissible in evidence," and showing "affirmatively that the affiant is competent to testify to the matters stated therein." Mass. R. Civ. P. 56 (e), 365 Mass. 824 (1974). A verified complaint may be treated as an affidavit "in so far as it contains specific facts that the signer knows to be true." Pupecki v. James Madison Corp., 376 Mass. 212, 217 (1978).
Here, the hearing judge properly admitted the Kaznoski affidavit. Kaznoski stated in his affidavit that he was "familiar with the facts giving rise to [this case]" and reiterated many of the assertions outlined in the verified complaint, to which he was also the affiant, and in which he literally stated that he had "personal knowledge" of the matters contained therein. That Kaznoski did not claim to be the keeper of the records to which his affidavit referred did not render his affidavit inadmissible. See Commonwealth v. Monahan, 349 Mass. 139, 170 (1965). Viewed in its totality, and given the discussion below regarding the admissibility of the attached exhibits, we hold that the Kaznoski affidavit met the requirements of rule 56 (e) and that its admission was not an abuse of discretion.
The defendant's second argument is that the two exhibits attached to the Kaznoski affidavit were inadmissible under G. L. c. 233, §§ 77 & 78. Under § 78, a judge must make four preliminary findings of fact before a document may be admitted as a business record. DiMarzo v. American Mut. Ins. Co., 389 Mass. 85, 105 (1986). The record must be made (1) in good faith, (2) in the regular course of business, (3) prior to the commencement of the action, and (4) as part of the usual course of business around the time of or within a reasonable time after the pertinent events. Id. Further, § 78 clearly provides that " 'personal knowledge by the entrant or maker' is a matter affecting the weight (rather than the admissibility) of the record." Wingate v. Emery Air Freight Corp., 385 Mass. 402, 406 (1982). Finally, § 78"should be interpreted liberally to permit the receipt of relevant evidence" (quotation omitted). Beal Bank, SSB v. Eurich, 444 Mass. 813, 817 (2005). Here, the first exhibit, a one-page print-out produced by a bank senior vice-president detailing an up-to-date rendering of the defendant's alleged debts, is a necessary and relevant document in assessing damages, and in its standardized form falls within the business records exception to the rule against hearsay. Additionally, the second exhibit, an extensive print-out detailing all transactions related to the account in question and dating back to the account's inception, also falls squarely within the business records exception. Thus, there was no abuse of discretion by the judge in admitting the Kaznoski affidavit and its exhibits.[4]
The defendant next argues that the case should be remanded because the judge did not make written findings regarding damages. Rule 52 (a) of the Massachusetts Rules of Civil Procedure, as amended, 423 Mass. 1402 (1996), states that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)(2)." Further, "[f]indings adopted by the judge remain 'formally [the judge's]; they are not to be rejected out-of-hand, and they will stand if supported by evidence' " (quotation omitted). Cormier v. Carty, 381 Mass. 234, 238 (1980).
It is evident from the damages assessment hearing transcript that the judge required the plaintiff to clarify the precise amount of damages sought and to delineate at what percentage and for what period of time the interest was calculated.[5] The defendant does not challenge the admissibility of Attorney Rullo's affidavit and attached statement of attorney's fees calculations, nor does she object to the calculations within the verified complaint. Further, the defendant has not provided anything in the record to show that the figures provided by the plaintiff are incorrect. Thus, even were the judge to have based his damages findings wholly on documents other than the Kaznoski affidavit and its attachments, there is still sufficient evidence to support the judge's ultimate calculation of the damages. The hearing judge did not, as the defendant argues, "defer[ ] to [the plaintiff's] counsel in determining the final calculation," but rather asked plaintiff's counsel to send "a clean copy" after the judge had taken the time to carefully parse "the right, correct math" to reach the final "fair and reasonable" figures.
Conclusion. For the reasons stated above, we conclude that the judge did not abuse his discretion in admitting the Kaznoski affidavit, nor in considering its two exhibits as business records of the bank in assessing damages.
Judgment affirmed.

The plaintiff's complaint included four counts: breach of contract; quantum meruit; liability under guaranty; and wrongful detention of personal property.

The order permitted the defendant to replead count four of the counterclaim (unlawful lending practices), "provided she can do so with reasonable detail, with reference to the relevant legal authority(ies), and in good faith." Whether she did so is not clear in the record before us, but she raises no argument on appeal in this respect.

We therefore need not reach the issue whether the bank records within the exhibits are admissible under G. L. c. 233, § 77. See Commonwealth v. Perez, 89 Mass. App. Ct. 51, 60-61 (2016) ("Section 77... serves a more limited function .... We do not view § 77 as precluding the admission of bank records through other means").

We note that the interest calculation the hearing judge utilized (and the only amount that fluctuates significantly among the documents to which the defendant objects) is based on the plaintiff's standard 10.25 per cent calculation, not the 12 per cent statutory calculation to which successful plaintiffs are generally entitled. To the extent that the documents differed in calculating damages amounts, the defendant was not prejudiced.