NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-678

VICTORIA ELIZABETH LASCOM

vs.

MATTHEW WILLIAM LASCOM.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The husband appeals from an amended judgment of modification (amended modification judgment) issued by a judge of the Probate and Family Court, which increased the husband's child support and alimony payments previously negotiated by the parties in their separation agreement entered into at the time of the divorce four years earlier.  The husband contends that the judge erred in (1) concluding there was a material change in circumstances warranting an upward modification of alimony; (2) calculating an alimony amount that exceeded the wife's need and failed to consider the parties' intent to downwardly depart from the presumptive maximum amount under the Alimony Reform Act (act), G. L. c. 208, § 53 (b); (3) determining that the husband

had the ability to pay increased support, particularly retroactively; and (4) adopting the wife's proposed judgment wholesale.  Discerning no error or abuse of discretion, we affirm.

Background.  During most of the parties' marriage of nearly twenty-five years, the wife cared for their four children while the husband financially supported the family through his employment.  The parties divorced in 2018 with a separation agreement, which was incorporated into and merged with the divorce judgment, providing that the husband would pay the wife $300 in weekly child support and $600 in weekly alimony. Approximately three years later, the husband filed a complaint for modification, seeking to reduce child support.  The wife counterclaimed for an increase in child support.  The husband then amended his complaint to request a decrease in alimony, and the wife amended her counterclaim to request an increase in alimony.  After trial, the judge issued the amended modification judgment retroactively increasing the husband's support obligations,[1] which resulted in a total arrearage of $29,244. The judge ordered the husband to pay the wife $492 in weekly

---

[1] Child support was retroactively increased to the date of service of the husband's complaint for modification; alimony was retroactively increased to the date of service of the wife's amended counterclaim.

child support and $1,000 in weekly alimony prospectively, along with $250 per week toward the arrearage.

Discussion.  "To be successful in an action to modify a judgment for alimony . . . the petitioner must demonstrate a material change of circumstances since the entry of the earlier judgment."  Pierce v. Pierce, 455 Mass. 286, 293 (2009), quoting Schuler v. Schuler, 382 Mass. 366, 368 (1981).  A judge's discretion in fashioning an appropriate modification judgment may not be reversed in the absence of abuse.  Pierce, supra, citing Ross v. Ross, 385 Mass. 30, 37 (1982); Greenberg v. Greenberg, 68 Mass. App. Ct. 344, 347-348 (2007).

1.  Modification of alimony.  On appeal, the husband contends that the judge abused her discretion in increasing the alimony amount he was required to pay to the wife because the wife failed to show a material change of circumstances in her need for support.  Although he recognizes that the judge addressed each of the required statutory factors, see G. L. c. 208, § 53 (a), and he takes no issue with the related factual findings, the husband contends that the judge's "ultimate conclusions do not flow rationally from those findings."

The husband argues that the judge's conclusion that the wife's need for support significantly increased since the last alimony order at the time of divorce is unwarranted because the

3

wife's expenses did not materially increase.[2]  The judge,
however, specifically noted the wife's increased expense from
having to carry her own health insurance.  Although the parties
contemplated that the wife would likely have this eventual
increased expense, as the husband points out, there is nothing
in the separation agreement precluding the wife from seeking
modification on this basis.  The husband also notes that the
wife's assets, like her home, increased in value; however, those
assets were not necessarily available for the payment of
expenses.  See Downey v. Downey, 55 Mass. App. Ct. 812, 818
(2002) (wife should not be required to deplete assets to
maintain herself).

The husband argues that the wife was able to maintain the
marital lifestyle on the existing support, however there was
evidence that the wife was depleting her savings and was unable
to make home and car repairs.  The husband also suggests that

_____

[2] The husband argues that the wife's most significant
increased expense was a $200 weekly payment to a credit card
used to pay for household expenses.  The wife testified that she
tried to make payments as she incurred the debt but if she could
not, she would pay it off once she got her paycheck.  Based on
this testimony, the husband suggests that the wife may have been
duplicating household expenses by also listing them as a credit
card liability expense.  It appears, however, that he did not
argue this to the judge at trial, in his proposed findings or in
his motion to alter and amend the findings.  In any event,
although the wife's testimony on this point is less than clear,
the judge could have relied on the financial statement which
clearly listed an outstanding balance on the credit card.

4

the wife was underemployed.  Although the wife worked part-time, she did so in order to be available for the children, two of whom were still unemancipated.  Additionally, the judge found that the wife had a high school education and limited work history and that there was no credible evidence regarding the availability of any other or additional work for the wife.  See Greenberg, 68 Mass. App. Ct. at 353.

After detailing the parties' financial positions, the judge determined that the wife had a weekly deficit of $1,316.35 at the time of trial, as opposed to the weekly deficit of $1,137.02 at the time of divorce.  Although the difference of $179.33 may not seem significant to some, the judge was well within her discretion in determining that this amount, on a weekly basis, constituted a material change of circumstances justifying modification.  See Heistand v. Heistand, 384 Mass. 20, 26 (1981) (determination of "extent and palpability" of change in circumstances within judge's discretion).  Moreover, the judge found that, since the divorce, the husband's weekly surplus, and thus his ability to pay alimony, had increased by $460.45 per week (as a result of his increased income and decreased expenses).[3]  Accordingly, where the judge's findings, supported

---

[3] The judge found that the husband's weekly surplus (i.e., the amount remaining after subtracting his credible expenses and paycheck deductions from his gross income) had increased from

5

by the evidence at trial, reflected that both the wife's need and the husband's ability to pay had increased since the time of the divorce, we discern no error in the judge's determination of a material change in the parties' overall financial circumstances warranting an upward modification of alimony.

2. Alimony amount. The husband next challenges the judge's determination of the alimony amount. Although he acknowledges that the judge properly undertook the three-step analysis articulated in Cavanagh v. Cavanagh, 490 Mass. 398, 410-411 (2022), the husband argues that the judge erred in using the maximum presumptive amount under the act (i.e., thirty-five percent of the difference between the parties' gross incomes), instead of the wife's actual need for support. See G. L. c. 208, § 53 (b) (alimony should generally not exceed recipient's need or thirty-five percent of difference between parties' gross incomes). Referring to the $400 weekly increase in alimony, the husband contends that the wife's actual need for support could not have increased in that amount since the time of divorce. The husband's argument is premised on the assumption that the alimony amount at the time of divorce reflected the wife's actual need. In fact, the judge's factual findings reflect that the wife's actual need at the time of

_____

$1,033.79 at the time of the divorce to $1,494.24 at the time of the modification trial.

6

divorce was significantly greater than the amount that she accepted in the negotiated separation agreement. On modification, the judge was entitled to look at the parties' actual positions at the time of divorce, in addition to the terms of their agreement. See G. L. c. 208, § 37 (when modifying divorce judgment, judge may "make any judgment relative thereto which [the judge] might have made in the original action").

The husband argues that the support award, setting alimony at the highest presumptive amount, failed to take into consideration the intent of the parties as expressed in the separation agreement. See Jones v. Jones, 101 Mass. App. Ct. 673, 683 (2022) (judge modifying "an alimony award under a separation agreement that has been merged into the [divorce] judgment . . . must interpret the separation agreement according to the intent of the parties in a manner consistent with the over-all purposes of G. L. c. 208"). He acknowledges that there was no testimony at trial regarding how or why the parties arrived at the child support and alimony figures in the separation agreement, but argues that the documentary evidence shows that the parties agreed on a total support payment (combined alimony and child support) of $900 per week, even though the presumptive amounts under the act and the Child Support Guidelines (guidelines) would have resulted in a total

payment of approximately $1,300.  Beyond establishing that the parties agreed on a lower total figure than the combined presumptive amounts under the act and the guidelines, there was little to indicate a rationale for the arrangement.

The judge specifically considered the parties' separation agreement and found that it contained no express provision about future modification of child support and alimony but rather contemplated ongoing support.  Contrast <u>Bercume</u> v. <u>Bercume</u>, 428 Mass. 635, 644-645 (1999) (parties' agreement indicated intent to sever all financial obligations to one another once children emancipated).  Given the parties' long-term marriage, the wife's contribution to the marriage in maintaining a home life with four children, and the wife's sacrifices to allow the husband to advance his education and career to the detriment of the wife's earning capacity, we discern no abuse of discretion in the judge's decision to set alimony at the presumptive maximum.

3.  <u>Husband's ability to pay</u>.  The husband also argues that his increase in income of approximately $271 per week did not warrant a total increase in alimony and child support of $592 per week.[4]  However, the relevant inquiry for purposes of

_____

[4] Although the judge did find that the husband's income had increased by approximately $271 weekly, she also found that the husband's current spouse was making contributions to his expenses but could not quantify them based on the credible evidence.  The judge made several other findings concerning the

8

determining the husband's present ability to pay is not the amount that his income has increased since the prior judgment, but rather the amount of income presently available to meet his support obligations. Here, the judge found that the husband had a weekly surplus of approximately $1,495 at the time of the modification trial,[5] and increased the husband's total weekly support obligation (combined alimony and child support) to $1,492 (not including the arrearage payments). Accordingly, we discern no error in the judge's finding that the husband has the ability to pay the increased support amounts, especially where approximately two-thirds of his total support obligation is comprised of tax deductible alimony.

The husband further argues that the judge erred in ordering that the modified alimony and child support amounts be made retroactive because the arrearage payments put him into deficit. However, "a party is entitled to retroactive modification of a child support order where a judge finds that the parties'

husband's lack of forthrightness in his financials, justifying her conclusion that he was likely underreporting his income.

[5] The judge arrived at this figure by disallowing the husband's contribution to his retirement as a reasonable expense. The judge found that retirement savings was part of the marital lifestyle, such that it would be unfair to reduce the husband's available income for support by allowing him to save for retirement when the wife could not do the same. We discern no abuse of discretion. See Openshaw v. Openshaw, 493 Mass. 599, 606-608 (2024) (parties' habit of saving important part of marital lifestyle).

9

circumstances have materially changed and that such modification is in the best interests of the children." Whelan v. Whelan, 74 Mass. App. Ct. 616, 627 (2009), citing G. L. c. 119A, § 13 (a); G. L. c. 208, § 28. "If the [husband] has been paying less than would otherwise have been required under the [g]uidelines, this 'necessarily implies that the child has been receiving insufficient support during the pendency of the complaint.'" Whelan, supra, quoting Boulter-Hedley v. Boulter, 429 Mass. 808, 812 (1999). Similarly, a judge has the discretion to retroactively modify an alimony award. See Smith v. Smith, 93 Mass. App. Ct. 361, 365-366 (2018).

Here, the judge acknowledged that the retroactive payments would (temporarily, until the arrearage was paid off) result in an approximately $250 weekly deficit "on paper," but reasoned that, in consideration of the tax benefits to the husband (from his alimony payments being tax deductible) and the savings he accrued as a result of his prior underpayment, the order overall would remain fair and reasonable. The judge's reasoning was sound and we discern no abuse of discretion. See Drapek v. Drapek, 399 Mass. 240, 247 (1987) (determinations as to whether and in what form and amount to award alimony reviewed for abuse of discretion).

4. Adoption of wife's proposed judgment. The husband argues that the judge erred by adopting the wife's position in

10

its entirety.  After the trial, each party submitted a proposed final judgment.  The judge initially issued a modification judgment that nearly mirrored the wife's proposed judgment, including a replicated miscalculation.  In his motion to alter or amend the judgment, the husband brought the miscalculation to the judge's attention.  In response, the judge allowed the motion in part and issued the amended modification judgment, accompanied by twenty-two pages of findings, conclusions of law, and a rationale.

While the husband does not contest the bulk of the judge's findings, he asserts that the judge's decision to amend the judgment and explain her decision-making is not adequate to cure the initial error of relegating her independent judgment to the wife.  We disagree.  "Ordinarily, even where findings are recited verbatim from a party's proposal, we do not reject them out-of-hand if they are supported by the evidence."  Michelon v. Deschler, 96 Mass. App. Ct. 815, 816 (2020), citing Care & Protection of Olga, 57 Mass. App. Ct. 821, 823-824 (2003).  However, a judge's "findings should show that the judge personally prepared them or 'so reworked a submission by counsel that it is clear that the findings are the product of [her] independent judgment.'"  Michelon, supra at 817, quoting Cormier v. Carty, 381 Mass. 234, 238 (1980).  Even a largely verbatim adoption of one party's submission may bear the "badge of

11

personal analysis" that the cases require (citation omitted). Cormier, supra at 237.  See Roche v. Boston Safe Deposit & Trust Co., 391 Mass. 785, 792 (1984) ("Although many of the findings are verbatim recitations of Mr. Roche's requests, the judge omitted many portions of his requests and in many instances added and condensed sentences").

Here, the judge's original modification judgment did bear the "badge of personal analysis" (citation omitted).  Cormier, 381 Mass. at 237.  The submission, like the one in Roche, 391 Mass. at 792, was substantially similar but had been edited and rephrased so as clearly not to have been duplicated from the wife's filing without personal attention from the judge. Moreover, the judge reached a slightly different guidelines figure for the weekly child support obligation from December 8, 2021, and prospectively, showing that the judge recalculated the figures herself.  Moreover, the comprehensive amended modification judgment and findings show that the judge painstakingly retraced every step of the case and applied

copious personal attention toward the matter.  There was no error.

Amended judgment of
  modification dated December
  7, 2022, affirmed.

By the Court (Ditkoff,
  Singh & Hodgens, JJ.[6]),

Clerk

Entered:  October 16, 2024.

---

[6] The panelists are listed in order of seniority.